## STEIN *vs.* McARDLE & WATERS.

1. The lessee of a two storied house in Mobile, having sub-let the second story to a club, with which he had no connection whatever, was held not liable, under the by-laws regulating the City Water Works, for the water rates assessed against the occupants of the second story.

2. Where the demand in suit is under $20, both parties being competent witnesses for every purpose, it is discretionary with the court to permit plaintiff to be re-examined for the purpose of rebutting the testimony of one of defendant's witnesses.

ERROR to the Circuit Court of Mobile.

Tried before the Hon. LYMAN GIBBONS.

McARDLE & WATERS brought suit, before a justice of the peace, against Albert Stein, the proprietor of the City Water Works of Mobile, for neglecting and refusing to furnish a supply of water, after a tender of the water rent. The facts of the case appear in the opinion of the court. The justice rendered judgment for the plaintiffs, and the defendant appealed to the Circuit Court, where judgment was again rendered against him. To reverse this judgment he now prosecutes this writ of error, and assigns for error the judgment of the court below.

F. S. BLOUNT and C. W. RAPIER, for plaintiff in error.

PERCY WALKER, *contra.*

PHELAN, J.—By the act of January 7, 1841, (Acts of 1840–1, p. 53,) and an agreement previously entered into with the Corporation of Mobile, Albert Stein became vested with all the rights and immunities of the Mobile "Aqueduct Company," as chartered in 1820, and amended in 1837, and subject to all

the duties to which, by law, that company was subject; the principal of which was, to supply such of the citizens of Mobile with water as would observe all reasonable and proper by-laws and regulations, and pay the lawful rates.

By-law No. 3 contains this provision: "No proprietor, or occupant of a house or lot, will be supplied with water, when the hydrant cannot be placed perfectly secure, so as to prevent access to the same by other families or persons; or if not kept properly secured, the supply will be stopped, and the amount of payment forfeited."

By-law No. 7 contains this provision: "When two or more families or persons, are supplied from the same pipe, the whole will be assessed in one joint account," &c. All water rent is required to be prepaid for one year.

It seems that McArdle & Waters were the lessees of a two storied building, situated on the corner of Government and Royal streets, Mobile, for one year from 1st of November, 1851, and that they sub-let the second story to the "Social Club," having no connection whatever with the club, and having no authority to enter their apartment, except once a month to demand the rent. In the lower story, McArdle & Waters kept a coffee-house establishment.

The water rent was assessed for this house, 1st of November, 1851, at $55, to-wit: for the club room, $20, and for the coffee house, $35, and a copy of the "By-Laws and Regulations of the Mobile Water Works" was furnished to the defendants in error.

Subsequent to the time when the water rent was due by law, the agent of Stein demanded it of McArdle & Waters, who offered to pay $35 for the coffee house, and made a legal tender of that amount, but refused to pay the $20 for the club room. The agent of Stein refused to receive the $35, and, after some unsuccessful efforts to collect the $20 of the club, and the continued refusal of defendants in error to pay the entire $55, the plaintiff in error stopped off the supply of water from the house; and for this alleged breach of his implied contract, in not furnishing water, the defendants in error brought suit.

The liability of Stein to this action must depend altogether upon the validity of by-law No. 7, before quoted, since it is

shown that McArdle & Waters had full knowledge of the existence of said by-law, at the time they made application for water. And the validity of that by-law must depend upon its reasonableness; for every by-law of this corporation, by the terms of its charter, must be conformable to the laws of the State and of the U. States; and by the nature of its very constitution, it must also be conformable to common justice and reason.—Angell & Ames 289 *et seq.*

By-law No. 3, quoted above, considering the nature of the obligation devolving upon the corporation, namely, the supply of water to the city for just compensation, is altogether reasonable; because, if hydrants cannot be placed in a state of reasonable security, against waste or trespass, there could be no sufficient guaranty of a supply of water to the city, or of protection to the proprietor of the Water Works.

But by-law No. 7, if it be construed to mean that no person or family, living on the same premises with another person or family, in distinct portions or apartments of the house or premises, and having no business connection with that other, shall be allowed to have a supply of water upon tendering the lawful compensation, without also tendering or paying for a supply of water to that other, is not reasonable, but unjust and oppressive, and for that cause is not lawful, but may be treated as a nullity, unless it can be shown that more than one hydrant cannot be arranged for said house or premises, at a reasonable cost.

This brings us to a question of fact: Could the coffee house in the lower story be conveniently supplied with water, at a reasonable cost, without letting the water flow to the second story? Of this we can have no doubt. Say that but one service-pipe, leading from the main pipe in the street, can be afforded to the same house or premises, ordinarily, and but one stop-cock, to be placed between the main pipe and the hydrant or hydrants. Nothing surely can be easier, than to provide, at a moderate cost, for adding or detaching the part of the pipe which supplies a second story in the same building, to or from that part which supplies the first story; and it is not reasonable, therefore, to say that those who occupy the first story of a building, distinct from those who occupy the second, or third, or fourth story, shall not have a supply of water without paying or being liable to pay for all. The difficulty of putting a hydrant in a

proper state of security, in an upper story, against depredations from below, is admitted to be greater; but that case is not made by this record, and we make no decision further than the case goes.

We agree, therefore, with the court below, that if McArdle & Waters tendered to the plaintiff in error the amount to which their own hydrant in the lower story was assessed, he was bound to furnish them a supply of water, and if he neglected or refused to do so, he is liable to an action for damages.

The court permitted McArdle, one of the plaintiffs, after he had testified in chief, to be re-examined, to rebut or contradict the testimony of Cumming, one of defendant's witnesses. The demand was for less than $20, and the statute makes both parties witnesses for every purpose, and subject to the same rules which govern other witnesses. It was a pure matter of discretion in the court to permit him to be re-examined, and it was as competent to do this to rebut, as for any other purpose.—Clay's Digest 360 § 12.

The judgment below is affirmed.