# ALABAMA & FLORIDA R. R. CO. *vs.* WALLER, Adm'r.

[ACTION AGAINST RAILROAD COMPANY, BY ADMINISTRATOR OF INTESTATE TO RECOVER DAMAGES FOR KILLING OF INTESTATE.]

1. *Complaint; what sufficient averment of negligence.*—In an action of damages against a railroad company, by an administrator, for injuries causing the death of his intestate, an averment in the complaint that the intestate received the injuries from which he died by a collision of the defendant's trains, through the carelessness of its engineer in charge of one of them, is not subject to demurrer for an insufficient statement of facts.

2. *Action to recover damages for killing intestate; what need not be alleged.*—It is not necessary to aver that the intestate left a widow, child, or next of kin.

3. *Common employer; when not liable for injuries to servant occasioned by neglect of fellow-servant.*—A common employer is not liable to his servant for injuries done to him through the negligence of his fellow-servant in the pursuit of their common business, without fault on his part.

4. *Same.*—He is liable, when the offending servant is incompetent in skill or prudence, within his knowledge, or his reasonable means of ascertainment.

5. *Care required in selection of employes, &c.*—Ordinary care and diligence in the selection and supervision of servants or employes is not sufficient. There must be due or reasonable care and diligence proportionable to the hazard of the business.

6. *Fitness of servant; what plea as to, demurrable.*—The defendant's supposition of the fitness of the engineer, as a reason for retaining him, is,.as a plea to the action, subject to demurrer.

APPEAL from the City Court of Montgomery.
Tried before Hon. JOHN D. CUNNINGHAM.

The facts are sufficiently stated in the opinion.

RICE & SEMPLE, and COOKE, for appellant.

WALKER, MURPHEY & WINTER, and ARRINGTON & GRAHAM, *contra*.

B. F. SAFFOLD, J.—The case is a suit for damages against the appellant, by the appellee, for injuries causing the death of his intestate, under sections 2297 and 2300 of the Revised Code. There is no bill of exceptions, and the errors assigned relate to the pleadings exclusively.

The complaint charges, in substance, respecting the issues made, in the first count, that James Dixon, the intestate, came to his death by a collision of two freight trains belonging to the defendant, in consequence of the wrongful act and culpable negligence of the engineer in charge of one of them. The second count differs from the first only in naming the engineer, and charging him with gross negligence. The third alleges that the defendant caused the death of Dixon through the culpable bad management and negligence of one or more of its officers and agents, to-wit, the general superintendent, the assistant superintendent, and the master mechanic, for retaining a subordinate officer and agent of the defendant, one John J. Roche, in the capacity of engineer of one of the trains which collided about the 4th of March, 1867, after it was brought to their knowledge before the collision, by means of one or two written reports, and by other means, of the recklessness, want of skill and culpable negligence of the said Roche as engineer, by whose wrongful acts and gross and culpable

negligence, the collision occurred which caused the death of Dixon. The fourth count alleges that the officer or officers whose duty it was to employ engineers, selected and employed Roche as engineer, who was not a fit or proper person for that position; that the collision which caused the death of Dixon was the result of his reckless and imprudent conduct and negligence, and it would have been avoided if the above mentioned officers had exercised due care and diligence about the selection of Roche. In each count there is an averment that the decedent could have maintained an action for the injury, if he had lived.

Several grounds of demurrer were interposed to the complaint, all of which were overruled. The substance of them is, that facts showing a cause of action are not stated; none, showing a want of due care and diligence on the part of the defendant, in the selection and retention of the agent by whose negligence the collision is averred to have occurred; the administrator of a servant or employe of the defendant can not maintain an action for the wrongful act or omission, or culpable negligence, of any officer or agent of the defendant; there is no averment that the decedent left surviving him either widow, child, or next of kin; or that he was lawfully on any train of the defendant, or in any position that gave him a right of action.

The complaint no where states that the decedent was in the service of the defendant, or that he was on any train. For aught that appears, so far, he might have been a passenger, or a mere looker-on, or about the train on his own business, without connection with the defendant. As to a proper statement of facts, the collision itself, and the consequent death of Dixon, were facts sufficient to create a presumption of negligence for which the defendant was responsible, under the complaint. The failure of next of kin is a very *remote* possibility, as even the disability of alienage is removed by treaty with most of the nations from which we receive our immigrant population. Construing the terms of the statute alone, there is much reason for an averment of the nearest of kin. But the de-

fendant would object to the inquiry at his expense. The demurrers were properly overruled.

Two special pleas present the defense that the decedent received the injuries from which he died, in the course of his business as a fireman in the employment of the defendant on a train which collided with one of which Roche was the engineer, through the alleged negligence of the latter, who was his fellow-servant or employe; that the defendant exercised ordinary care and diligence to secure a prudent and skillful servant in the employment of Roche, who was reputed to be a careful and skillful engineer at the time, and supposed him to be such up to the time of the collision. A demurrer to these pleas was sustained.

The question of the sufficiency of the pleas is embarrassed, not so much by an uncertainty of the law, as by the difficulty of using apt expressions of discrimination. A common employer is not liable to his servant for injuries done to him by his fellow-servant in the pursuit of their common business, without fault on his part. Such fault does not exist when the tortious act is of a casual character, not inconsistent with the general competence and prudence of the offender, which the employer could not guard against by the exercise of reasonable care and diligence. His obligation to his servants does not embrace the personal undertaking for security which he promises expressly or impliedly to third persons. The servants seek their respective interests in pursuing the common business, and that nothing may abate their vigilance, they sustain their respective risks. The employer is, however, in fault when the offending servant is incompetent in skill or prudence, within his knowledge or his reasonable means of ascertaining.

As the proposition is not to charge the employer with the fault of his servant, but with his own neglect of duty, why should a less stringent rule prevail than is applicable against him in favor of third persons, as to the degree of care and diligence he must exercise in the selection and retention of his servants or agents? In so hazardous a business as that of the railroad, ordinary care and diligence in the selection and supervision of employes and agents

would not suffice against third persons, and should not against the employes. Our own authorities, *M. & O. R. R. Co. v. Thomas*, (42 Ala. 715,) require due care and diligence, which is a higher degree than is expressed by the term "ordinary," and is, perhaps, sufficiently definite and expressive. The meaning of such terms will vary in application according to the hazard of the business and the sentiment of the people.

Another objection to the pleas is, that the defendant's supposition of the fitness of the engineer, Roche, is alleged as a sufficient reason for retaining him. Suppose means no more than belief, if as much, and the latter would be wholly inadmissible, as a defense to the action, if unreasonable. A fourth plea is referred to in the judgment entry as having been rejected on demurrer, but it is not found in the transcript.

The judgment is affirmed.