# Burnham & Co. *v.* Martin *et als.*

### Bill to foreclose Mortgage, &c.

*Lien of execution; how lost.*—Where the plaintiff, on valuable considera-
tion, causes his execution in the hands of the sheriff to be held up for a
specified time, he will be postponed to the lien of a mortgage attaching in the
interval of such suspension.

APPEAL from Chancery Court of Lauderdale.
Heard before Hon. H. C. SPEAKE.
The opinion states the case.

W. J. WOOD, for appellant.

O'NEAL & O'NEAL, *contra.*

BRICKELL, C. J.—A mortgagee may, in the first instance,
proceed in a court of equity to foreclose his mortgage,
although he is clothed with a power of sale.  To prevent a
multiplicity of suits, and a sale under legal process against
the mortgagor, he may join judgment or attaching creditors,
claiming liens in opposition to the mortgage.—*Ala. Life Ins.
& Trust Co. v. Pettway,* 24 Ala. 344; *McGowan v. Br. Bank
Mobile,* 7 Ala. 823; *Marriott & Hardesty v. Givens,* 8 Ala. 694.
Of this character is the bill filed by the appellants.  The
seniority of the judgments in favor of the appellees, Hill,
Fountaine & Co., and James Akerman & Co., to the mort-
gage of the appellant, is admitted in the bill, but it is averred
they have lost their priority because of a suspension of
execution by the order of the respective plaintiffs, and this
suspension was in consequence of a guaranty of payment by
a third person.  Certified copies of the executions are exhibits
to the bill, from which it appears that the plaintiffs, on the
31st December, 1874, directed the sheriff to hold them up
until the 15th March, 1875, and they were returned by the
sheriff with the indorsement, "held up until March 15th,
1875."  Alias executions were not issued until after the
execution and registration of the appellant's mortgage, and
after the maturity of one of the notes it was intended to
secure.  The answers of the plaintiffs do not deny, but admit
these allegations of the bill, and aver that the suspension was
to enable the mortgagor, and defendant in execution, by a
sale of the goods in the course of trade, to obtain money to

pay the executions, and in consideration of a guaranty from one Campbell of the payment of any balance due, after a sale of the goods, if the executions were not paid on the 15th March, 1875, and of the defendant's waiver of all claim to exemption.

Under what facts and circumstances the suspension of execution renders it dormant against junior executions, or junior mortgages, has been so often and so fully considered in former decisions of this court, that we need not look beyond them for authority. No distinction is made between a junior execution and a junior mortgage. If the lien of the mortgage attaches during the interval of suspension, which is constructively fraudulent, the execution creditor authorizing such suspension must be postponed to it.—*Albertson, Douglass & Co. v. Goldsby,* 28 Ala. 711.

It is not necessary in this case to inquire whether a judgment operates a lien under our statutes, or whether the lien arises only on the delivery of execution to the sheriff. Executions had issued, and were in the hands of the sheriff prior to the execution of appellant's mortgage, and were suspended by the direction of the plaintiffs. Our decisions have settled that mere passiveness on the part of a senior judgment or execution creditor—mere delay in the enforcement of his lien, will not impair it, and postpone him to a junior execution creditor, if at the time of sale under the junior execution, he has execution in continuance of the lien originally attaching in the hands of the sheriff.—1 Brick. Dig. 899. § 140. While mere passiveness—mere acquiesence in the delay of the sheriff, will not destroy the lien, if the creditor does any positive act inconsistent with the pursuit of the execution to satisfaction of the judgment, the lien is lost. This is especially true, when; for the benefit of the defendant, on a consideration deemed valuable, the execution is suspended by the authority of the creditor.—1 Brick. Dig. 900, § 148. In *Wood v. Gary,* 5 Ala. 52, ORMOND, J., says: "We understand the law on the subject to be, that if a judgment creditor place his execution in the sheriff's hands, *with instructions* not to levy, or after a levy, to hold it up, and not to sell, it will be constructively fraudulent against junior judgment creditors, who will thereby obtain the superior lien. The rule is, that the plaintiff can only employ his execution to collect his judgment; he cannot use it as an instrument for sheltering or covering the property of the defendant, against the claims of others, and any act which manifestly has this tendency is *per se* fraudulent." This doctrine is repeated in *Leach v. Williams,* 8 Ala. 759 ; *Patton v. Hayter, Johnson & Co.,* 15 Ala. 18 ; *Br. Bank v. Broughton,*

[Watson v. Reynolds & Stuckey.]

*ib.* 127, and is the principle on which the case of *Albertson, Douglass & Co. v. Goldsby*, 28 Ala. 711, proceeds. Applying the principle to this case, there can be no doubt that the execution creditors, by the suspension of execution, lost their lien. The suspension was on a valuable consideration—the guaranty of Campbell, and the defendant's waiver of exemption. Being founded on such consideration, during the period stipulated for, the hands of the creditors were tied up; they could not have issued executions without the consent of the defendant, however pressing the necessity. And the purpose of the suspension was to benefit the debtor by enabling him to make private sales, in the course of trade, of property subject to it. The lien of the executions first acquired being destroyed, and the lien of the mortgage attaching when there was no execution in the hands of the sheriff, the execution creditors must be postponed to the mortgage.

The chancellor, in ruling otherwise, erred, and his decree dissolving the injunction is reversed, the injunction reinstated, and the cause remanded.