# Central of Georgia Railway Co. *v.* Freeman.

*Action against Railway Company to recover Damages for Personal Injuries.*

1. *Action against railroad company for negligence; when counts of the complaint state a cause of action in trespass.*—In an action against a railway company to recover damages for personal injuries alleged to have been sustained by the plaintiff by reason of his being run over by one of defendant's locomotives drawing a train, a count of the complaint which, in stating the negligence complained of, avers "that defendant wantonly or intentionally caused said engine or train to run upon or against plaintiff," or a count which avers that "defendant, through its servant or agent in charge or control of said train, wantonly or intentionally inflicted upon plaintiff the injuries and damages * * * by wantonly or intentionally causing or allowing said train to run upon or against plaintiff," states a cause of action in trespass, and not in case; and in order to sustain such counts of the complaint, the plaintiff must prove actual participation on the part of the defendant in the damnifying act.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. A. A. COLEMAN.

This action was brought by the appellee, R. A. S. Freeman, against the Central of Georgia Railway Company, to recover damages for personal injuries; the plaintiff claiming $20,000. The facts of the case neces-

sary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

There were verdict and judgment for the plaintiff, assessing his damages at $10,000. The defendant appeals, and assigns as error the several rulings of the trial court, to which exceptions were reserved.

LONDON & LONDON, for appellant, cited *City Delivery Co. v. Henry,* 139 Ala. 161.

BOWMAN & HARSH, *contra.*

SHARPE, J.—On October 29, 1898, plaintiff, while attempting to walk across the defendant's railroad track in Alexander City, was run upon and injured by a locomotive drawing one of defendant's trains. To recover for the injury this suit was commenced on October 19, 1899, by a complaint consisting of five counts. The fourth and fifth of these counts were held bad on a former appeal.—134 Ala. 354. After remandment of the cause, the fifth count went out on demurrer and the complaint was on October 25th, 1902, amended by the addition of the sixth count and by striking out part of the fourth.

In neither the fourth nor the sixth count is the act of running upon the plaintiff characterized as negligent, but the fourth as amended avers "that defendant wantonly or intentionally caused said engine or train to run upon or against plaintiff;" and the sixth avers "that defendant through its servant or agent in charge or control of said train, wantonly or intentionally inflicted upon plaintiff the injuries and damages set out in the first count of this complaint by wantonly or intentionally causing or allowing said train to run upon or against plaintiff," etc. These counts are in trespass.

The only evidence introduced on the trial as to who ran the train or directed the manner of its running, or as to who supplied the *animus* of the act complained of, had reference to the engineer or person in the employ of the defendant, who was on and in the immediate control of the train. In *City Delivery Co. v. Henry,* 139

Ala. 161, 34 So. Rep. 389, there were counts which averred that "the defendant through its agent or servant, John McClary, wantonly, willfully, or intentionally caused an ice wagon to run against plaintiff with great force, thereby throwing plaintiff upon the ground and inflicting upon her serious injuries," etc. In the opinion rendered it was said : "We see no escape from the conclusion that the wantonness, willfulness, and intentional wrong thus averred are the wantonness, willfulness and evil intention of the defendant itself, as contradistinguished from the wrong of the servant only, for the consequences of which the defendant is responsible merely because of its relation of employer to McClary. The charge involves the affirmative participation of defendant in the act of driving the wagon against the plaintiff, and not merely the defendant's responsibility for the act of its servant. It is in effect to say, that the vehicle was run against the plaintiff by the direction of the defendant. The injury ascribed to the defendant is direct and immediate from force applied by it and not merely from force applied by the servant within the scope of his employment. The counts are in trespass for the act of the defendant itself and not for the unauthorized act of the servant for which it is responsible. To sustain them, the proof of actual participation on the part of the defendant in the damnifying act was essential. No such proof, nor any evidence tending to establish such participation, was adduced. The affirmative charges with hypothesis requested by defendant on the second and fourth counts of the complaint should, therefore, have been given." That expression and the decision is in principle pointedly applicable to the present case and so rules it as to show there was error in refusing the general affirmative charge requested by defendant on the fourth and sixth counts, for which the judgment must be reversed. For other authorities supporting this conclusion, see *Sou. Bell Tel. Co. v. Francis,* 109 Ala. 224; *Sou. Ry. Co. v. Yancy,* 37 So. Rep. 341.

On counts 1, 2, and 3, of the complaint, the jury was charged in favor of defendant, and in view of that fact

and the present state of the record, it seems unnecessary to further consider the assignments of error.
Reversed and remanded.