(81 South. 194)

### BIRMINGHAM WATERWORKS CO. v. EDWARDS. (6 Div. 427.)

(Court of Appeals of Alabama. Nov. 19, 1918. Rehearing Denied Jan. 14, 1919.)

1. APPEAL AND ERROR ⬳171(3)—REVIEW—SPECIAL PLEAS.

Where evidence is offered without objection, tendering a defense required to be specially pleaded, and the trial court, in disposing of the case, takes notice of the defense thus tendered, and submits the issue to the jury, the case, on appeal, will be treated as if the issue was properly presented by special plea.

2. WATERS AND WATER COURSES ⬳203(1)—WATER SUPPLY—LIABILITY FOR—USE IN COMMON.

Where there is but one water connection, and the water furnished is used in common by two parties, they are jointly liable for the rents in arrears, though the house was rented in the name of but one of the parties, and the water company had no knowledge that the water was being used by the other party.

3. WATERS AND WATER COURSES ⬳203(13)—WATER SUPPLY—WAIVER.

Water supply company, by turning on water at instance of user liable for rents in arrears, did not waive right to turn off water upon user's failure to pay such rents, where the water was turned on upon representation of the user that he had just moved into the house, without the knowledge of the company that he had lived in the house for some time, and, having used the water jointly with party in whose name the house was rented, was liable therefor.

Appeal from Circuit Court, Jefferson County; Romaine Boyd, Judge.

Action by A. M. Edwards against the Birmingham Waterworks Company. From the judgment rendered, defendant appeals. Reversed and remanded.

Certiorari denied 80 South. 791.

Percy, Benners & Burr, of Birmingham, for appellant.

Allen & Bell and W. A. Jenkins, all of Birmingham, for appellee.

BROWN, P. J. [1] It is settled by the decisions of this court and the Supreme Court that if the parties on the trial of the case offer evidence without objection, tendering a defense required to be specially pleaded, and the trial court in disposing of the case takes notice of the defense thus tendered and submits the issue to the jury, on appeal the case will be treated as if the issue was properly presented by special plea. A. C. L. Ry. v. Kelly, 77 South. 972;[1] R. & D. R. R. Co. v. Farmer, 97 Ala. 141, 12 South. 86; K. C., M. & B. R. R. Co. v. Burton, 97 Ala. 240, 12 South. 88; Gainer v. Southern Railway Co., 152 Ala. 186, 44 South. 652.

So, if it be conceded that the averments of the complaint in this case are not broad enough to present the question of plaintiff's legal responsibility for the charges admitted to be in arrears for water furnished, on the issues tendered by the general issue, it is manifest from the evidence that this was the litigated fact in the case, and that this issue was submitted to the jury by the ex mero motu charge of the court.

[2] On this issue the undisputed evidence shows that the house where the water was supplied by appellant at the time the charges for water in arrears accrued was rented in the name of Mrs. Powell; that Mrs. Powell

---

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Ante, p. 360.

and the plaintiff and his family went into the occupancy of the premises at the same time; that there was but one water connection, and all the water furnished was used in common by Mrs. Powell and the plaintiff and his family. On these facts, the plaintiff was jointly liable with Mrs. Powell for the rents in arrears, and the undisputed evidence shows that the appellant demanded payment from him before refusing to furnish water, and he refused to pay these charges. It is further shown that the charges were correct and justly due. Birmingham Waterworks Co. v. Brooks, ante, p. 209, 76 South. 515; s. c., 200 Ala. 697, 76 South. 995.

[3] On the question of waiver, it appears that, when the defendant turned the water on at the instance of the plaintiff, it did so on the representation of plaintiff that he had just moved in, and without knowledge of the fact that plaintiff had occupied the premises jointly with Mrs. Powell, and used, in common with her, the water supplied through defendant's mains for the time the rents were due and unpaid, and as soon as it ascertained these facts the water was cut off. We do not think these facts can justly be held to constitute a waiver of the defendant's right to insist that the rents in arrears should be paid before it would supply the plaintiff water. We entertain the view that the court should have directed a verdict for the defendant.

Reversed and remanded.