(81 South. 144)

**EUTAW ICE, WATER & POWER CO. v. McGEE. (2 Div. 192.)**

(Court of Appeals of Alabama. Feb. 11, 1919.)

1. APPEAL AND ERROR ⬤⟶518(4) — BILL OF EXCEPTIONS.

Court's action in overruling written objection to amendment of complaint will not be reviewed on appeal, where objection is not presented by bill of exceptions, such objections not being covered by Acts 1915, p. 598, providing that motions in writing and ruling thereon shall become a part of the record, and that it shall be unnecessary to preserve an exception thereto.

2. PLEADING ⬤⟶248(2)—AMENDMENTS TO COMPLAINT—DEPARTURE.

Where original counts were in case, charging that an act constituting a breach of duty had been wantonly or willfully done, an amendment, charging defendant with having wrongfully and intentionally done the same act, was not a departure.

3. CORPORATIONS ⬤⟶423 — REPRESENTATION BY MANAGER—LIABILITY OF COMPANY.

A water company's resident manager, who had charge of the works, gave all orders, hired and discharged employés, and made settlements for water bills and accounts due the company, was its alter ego in ordering disconnection of a user's supply pipe.

4. WATERS AND WATER COURSES ⬤⟶203(13)—DISCONTINUANCE OF WATER SUPPLY—LIABILITY OF WATER SUPPLY COMPANY.

A water company is liable for damages to one whose water supply is disconnected for purpose of enforcing payment of a bill for something else beside water service.

5. EVIDENCE ⬤⟶596(1)—DEGREE OF PROOF.

The degree of proof required in a civil action is to the reasonable satisfaction of the jury.

6. DAMAGES ⬤⟶184—DEGREE OF PROOF—EXEMPLARY DAMAGES.

Proof beyond a reasonable doubt is not required to justify recovery of exemplary or punitive damages; proof to the reasonable satisfaction of the jury being sufficient.

Appeal from Circuit Court, Greene County; H. B. Foster, Judge.

Action by J. S. McGee against the Eutaw Ice, Water & Power Company, to recover damages for wanton breach of duty in disconnecting water supply. From judgment for plaintiff, defendant appeals. Affirmed.

R. B. Evins, of Greensboro, for appellant. Harwood, McKinley, McQueen & Aldridge, of Eutaw, for appellee.

SAMFORD, J. The action was begun in a justice of the peace court, and on appeal the plaintiff offered orally to amend the complaint by adding an additional count. Defendant filed written objections to the allowance of this amendment, and there is incorporated in the record the following entry regarding to the objection:

"This day came the plaintiff by their attorney and asked leave of the court to amend complaint by adding count 4, and adding to the accounts each count, 1, 2, and 3, as shown by amendment this day filed in writing. Defendant by attorney objects to allowance of said amendment as shown by objections in writing this day filed. Objection overruled, and amendment allowed. Defendant reserving exception to the ruling of the court. This cause continued."

[1] The foregoing is shown by the record, but not in the bill of exceptions. Objections of this character are not covered by Acts 1915, p. 598, and hence, when not presented by the bill of exceptions, cannot be reviewed by this court. Bessemer Liquor Co. v. Tillman, 139 Ala. 462, 36 South. 40; C. of Ga. Ry. v. Joseph, 125 Ala. 313, 28 South. 35.

[2] But, aside from this, we may say that in any event the allowance of the amendment was not error. The three original counts were in case, charging an act by the defendant corporation, which was not a trespass either to the person or property of the plaintiff, but a breach of duty, growing out of its obligation to furnish water to the citizens of Eutaw, Ala., as having been wantonly or willfully done, and the count added by amendment charged the corporation with having wrongfully and intentionally done the same act. Both the original counts and the amended counts charged that the defendant acted through its agent. We cannot see that in the amendment there was a departure. Ala. Con. C. & I. Co. v. Heald, 154 Ala. 580, 45 South. 686.

[3, 4] The next contention of appellant is that, as the charge is against the corporation, the plaintiff must fail because it failed to prove that the officer giving the order to the servant to disconnect the water pipe was the alter ego of the corporation. In this connection, it was shown that the president of the company lived in another city; that Baskerville, who gave the order for the disconnection, was the resident general manager; that he was in charge of the works; that he gave all orders, hired and discharged all employés, made settlements and adjustments for water bills and other accounts due the company, and that he assumed to act for the corporation in its dealings with the public generally; and that, while acting as the general manager of the defendant corporation, and in undertaking to force the plaintiff to pay an account due defendant, he gave the order to the servant to disconnect the supply pipe, through which plaintiff was furnished with water. This case does not involve the question of whether the defendant is liable, by reason of wanton negligence of defendant or its agent; but, if actionable wrong was done, it was a wrong of intentional causation, by the corporation itself, acting through its board of

⬤⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

directors or some person who was its alter ego. Under the facts of this case, Baskerville was the alter ego of the defendant in the matters concerning the dealings with the plaintiff's account and the discontinuance of his water supply. Hart v. Jones, 14 Ala. App. 327, 70 South. 206; L. & N. R. R. v. Abernathy, 197 Ala., opinion, page 515, 73 South. 103, and authorities there cited; Tyson v. S. & N. Ala. R. R., 61 Ala. 554, 32 Am. Rep. 8; Eureka Co. v. Bass, 81 Ala. 200, 214, 215, 8 South. 216, 60 Am. Rep. 152; U. N. S. Co. v. Pugh, 156 Ala. 369, 47 South. 48. If Baskerville was the alter ego of the defendant, and the duty to plaintiff to furnish him water was wrongfully and intentionally breached by the disconnecting of the supply pipe to enforce the payment of a bill for something else besides water service, and damage to plaintiff thereby occurred, the defendant would be liable under the complaint as laid. Birmingham W. W. Co. v. Davis, 77 South. 927.[1] This, too, was a disputed question of fact. The affirmative charge as requested by defendant was properly refused.

[5, 6] The degree of proof required in a civil action is to the reasonable satisfaction of the jury. We know of no authority for requiring a higher degree of proof in cases where punitive or exemplary damages are recoverable, and hence charge 16, requested by defendant, which required the jury to be convinced beyond a reasonable doubt, before they could return a verdict for the plaintiff, required too high a degree of proof.

There is no error in the record, and the judgment is affirmed.

Affirmed.