(81 South. 354)

EUTAW ICE, WATER & POWER CO. v. McGEE. (2 Div. 162.)

(Court of Appeals of Alabama. March 18, 1919.)

WATERS AND WATER COURSES ☞203(13)— WATER SUPPLY—RIGHT TO REFUSE TO SUPPLY.

A water supply company has a right to refuse to supply water to a residence, on the demand of a member of the family therein residing, while there is an unpaid bill for water furnished the residence on the demand of another member of the family.

Appeal from Circuit Court, Greene County; A. S. Van de Graaff, Judge.

Action by Mrs. Carrie McGee against the Eutaw Ice, Water & Power Company, to recover damages for disconnecting water supply. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

R. B. Evins, of Greensboro, for appellant. Harwood, McKinley, McQueen & Aldridge, of Eutaw, for appellee.

BRICKEN, J. Appellee, Mrs. Carrie McGee, had judgment against appellant, the Eutaw Ice, Water & Power Company, a corporation, as damages for cutting off the water from her premises and refusing to cut it on, after she had tendered the amount for water rent for the coming period.

There are many assignments of error, but of those insisted upon, all but one have been disposed of adversely to appellant in the recent case of Eutaw Ice, Water & Power Company v. J. S. McGee, 16 Ala. App. 652, 81 South. 144.

The question decisive of this appeal is presented by the third plea, to which demurrer was sustained. Defendant offered evidence tending to support this plea, but the court declined to permit its introduction, and so the rulings adverse to the plea cannot be said to be error without injury. The plea is as follows:

"Comes the defendant, and for additional plea * * * says: (3) That prior to the refusal of the agent or servant of the defendant to furnish water to the residence of the plaintiff, the plaintiff resided in said residence with her son, J. S. McGee, and her younger children, and that for several months the defendant had furnished water to said residence, charging the price for same up to said J. S. McGee, and that at the time of said refusal to furnish said water said J. S. McGee was in default for the payment of the amount due defendant for furnishing water for several months. And defendant avers that the residence to which its said agent or servant refused to furnish said water was the identical residence for the furnishing of water to which the said J. S. McGee was in default, and that the members of the family occupying said residence were also identically the same, and that its agent and servant had the right to refuse to furnish water to said residence on the demand of one member of the family while there was an outstanding and unpaid bill, for water furnished to said residence and said family on the demand of another member of the said family."

The court erred in sustaining demurrers to this plea, and in declining to admit evidence offered in support thereof. Birmingham Waterworks Co. v. A. M. Edwards, 81 South. 194;[1] Birmingham Waterworks Co. v. Brooks, 76 South. 515,[2] s. c., 76 South. 995.[3] See, also, Farnham on Waters, vol. 1, p. 881; Stein v. McArdle, 24 Ala. 344; Young v. Boston, 104 Mass. 95; Kelsey v. Marquette, 113 Mich. 215, 71 N. W. 589, 37 L. R. A. 675.

For the error pointed out, the judgment of the lower court is reversed, and the cause remanded.

Reversed and remanded.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] 16 Ala. App. 674.      [2] 16 Ala. App. 209.      [3] 200 Ala. 697.