(82 South. 636)

## LOUISVILLE & N. R. CO. v. LACEY.
### (6 Div. 522.)

(Court of Appeals of Alabama. May 6, 1919. Rehearing Denied May 19, 1919.)

1. LIMITATION OF ACTIONS ⬤⟿18—TRESPASS —ASSAULT AND BATTERY.

Code 1907, § 4835, subd. 1, prescribing a six-year limitation period in personal trespass action, such as assault and battery, etc., does not destroy the distinction between trespass and actions on the case, and applies only when the complaint declares on a trespass.

2. CORPORATIONS ⬤⟿493 — LIABILITY — ASSAULT.

A corporation is liable in a trespass action for an assault and battery committed by it, but there must be a direct, intentional injury, as distinguished from a consequential injury.

3. ASSAULT AND BATTERY ⬤⟿24(1) — COMPLAINT—SUFFICIENCY.

A complaint alleging an assault and battery on plaintiff by defendant railroad through one of its servants held to declare in trespass, and not in an action on the case.

4. CARRIERS ⬤⟿283(3)—CORPORATIONS.

A trespass action against a railroad for assault committed by one of its servants on plaintiff, a passenger, can be sustained only by showing that board of directors authorized the assault, or that the agent who committed it was defendant's representative in the capacity in which he was then acting.

5. CARRIERS ⬤⟿283(3) — ASSAULT ON PASSENGER.

A railroad held liable in a trespass action for an assault committed by its conductor on plaintiff passenger.

Appeal from Circuit Court, Jefferson County; John C. Pugh, Judge.

Action by D. S. Lacey against the Louisville & Nashville Railroad Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Tillman, Bradley & Morrow, of Birmingham, for appellant.

L. J. Cox, of Phœnix, Ariz., for appellee.

SAMFORD, J. [1-3] The complaint was in the following language:

"Plaintiff claims of the defendant corporation the sum of $1,000 damages, for an assault and battery committed on plaintiff *by the defendant* through its servant or agent on one of its passenger trains, who was acting in the line and scope of his employment, but whose name is to plaintiff unknown, on, to wit, the 7th day of February, 1913."

In addition to the general issue, the defendant pleaded the statute of limitations of one year. This plea was demurred to and the demurrer was sustained, and that ruling of the court is here presented for review. If the count is in trespass, the ruling of the court was free from error; if in case, then the court committed error in its ruling. Section 4835, subdiv. 1, of the Code of 1907, was not designed to destroy the distinction between trespass and actions on the case. On the contrary, the distinction remains as it was, and to come within the statute the complaint must declare a trespass.

Does the count do this? It is now well settled that a corporation may be held liable in an action of trespass for an assault and battery committed by it. 7 R. C. L. p. 688; 7 R. C. L. p. 652. The authorities collated in 7 R. C. L. p. 652 (note 7) amply support this proposition. In order for the corporation to be liable in trespass, there must be a charge of direct, intentional causation, as distinguished from a charge of consequential injury. City Delivery Co. v. Henry, 139 Ala. 166, 34 South. 389; Eutaw I., W. & P. Co. v. McGee, 81 South. 144;[2] Williams v. Hendricks, 115 Ala. 277, 22 South. 439, 41 L. R. A. 650, 67 Am. St. Rep. 32; N. B. & L. Co. v. Wilson, 198 Ala. 90, 73 South. 436; Central of G. Ry. Co. v. Freeman, 140 Ala. 581, 37 South. 387.

---

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] 16 Ala. App. 625.      [2] 16 Ala. App. 652.

It will be observed that in the case of L. & N. R. R. Co. v. Abernathy, 197 Ala. 512, 73 South. 103, where the court seems to have held that count C was trespass as against the employé and case as against the corporation, following Southern Ry. Co. v. Hanby, 166 Ala. 641, 52 South. 334, and other decisions in this state, the allegation was that the injury to plaintiff was due to the "willful, wanton, or intentional conduct of Seymour Carleton, a servant," etc., while acting within the line and scope of his employment, etc., while in the instant case the charge is that the defendant, by using one of its agencies, assaulted and beat plaintiff—a very different case from the cause of action as stated in the Abernathy Case, supra. In either case, the defendant corporation would be liable in the proper action. If the injury was the result of the wrong of the servant, the action would be in case; if the wrong was the result of the direct act of the corporation, then the action is trespass. The charge in the instant case is that the defendant corporation committed the assault and battery. True, it goes further and alleges that it was done through an agent on one of defendant's passenger trains. But how else could the corporation act, except through some agency? We are clearly of the opinion that the action is in trespass. Central of Ga. Ry. Co. v. Freeman, 140 Ala. 581, 37 South. 387; Bessemer C., I. & L. Co. v. Doak, 152 Ala. 166, 44 South. 627, 12 L. R. A. (N. S.) 389.

[4, 5] To sustain this count the plaintiff must bring proof of actual participation on the part of the defendant corporation in the damnifying act—either that the board of directors authorized it by resolution, or that the agent through whom the defendant acted was its alter ego in the particular capacity in which he was then acting. Central of Ga. Ry. Co. v. Freeman, supra; Eutaw I., W. & P. Co. v. McGee, supra; L. & N. R. R. Co. v. Laney, 14 Ala. App. 287, 69 South. 993; Hart v. Jones, 14 Ala. App. 327, 70 South. 206. The plaintiff's evidence, if believed by the jury, established the facts that plaintiff was a passenger on one of defendant's passenger trains; that without fault on his part, while such passenger, he was assaulted and beaten by the conductor in charge of the train, collecting fares and acting generally in that capacity in the conduct of the defendant's business, and while engaged in a controversy with plaintiff with regard to his fare. Whatever may have been the rule laid down by the earlier decisions, it is now firmly established that a corporation may be guilty of a trespass, and may be held liable in an action of trespass for the direct act of its officer or agent done pursuant to the rules and regulations of the company, or in order to accomplish the purpose of the employment. The above rule is laid down in 7 R. C. L. p. 652, and the authorities are there collated to support it, which citations we refer to without here setting them out. If, then, the corporation can be guilty of a trespass, it must act through some agency. In this case it has acted, if at all, through the conductor of one of its passenger trains, pursuant to his duty as the representative of the company in its dealing with the plaintiff, who was a passenger of defendant, entitled to all of the rights and protection as such. It was the duty of the defendant under its contract of carriage to have transported the plaintiff safely and properly and to have treated him respectfully. This was a duty properly belonging to the master as such, and in such case, where the duty is intrusted to a servant, the servant takes the place of the master, and the master is chargeable with the acts of the servant as if performed by the master personally and with all the knowledge in the premises which the law imputes to him. Ga. P. Ry. Co. v. Davis, 92 Ala. 300-313, 9 South. 252, 25 Am. St. Rep. 47; McKinley on Fellow Servants, p. 53, § 23; A. & F. R. R. Co. v. Waller, 48 Ala. 459; M. & M. R. R. Co. v. Smith, 59 Ala. 245; Tyson v. S. & N. A. R. Co., 61 Ala. 554, 32 Am. Rep. 8; Smoot v. M. & M. R. R. Co., 67 Ala. 13. One of the primary corporate functions of defendant is the carrying of passengers on trains provided for that purpose. These trains are not operated by the president, vice president, general manager, or superintendent, of the corporation, but are intrusted to the management and control of conductors, and the corporate duty and obligation to the passengers are to be carried out through the agency and superintendence of the conductors. It is not law, nor do we hold generally, that "the servant, acting within the scope of his authority is the alter ego of the master." What we do hold is that in the capacity of conductor of the defendant's train he was performing a nondelegable duty of defendant, and was its alter ego in the discharge of the defendant's duty to the plaintiff, and, as was said in the opinion in the case of B. Ry. v. Elect. Co. v. Baird, 130 Ala. 334, 30 South. 456, 54 L. R. A. 752, 89 Am. St. Rep. 43:

"It would be cheap and superficial morality to allow one owing a duty to another to commit the performance of his duty to a third, without responsibility for the malicious conduct of the substitute in the performance of the duty."

In the case of railroad corporations, which owe important duties to the public, and which can act only through agents, there is the strongest reason for holding that, with respect to acts done in its service by the agents within the scope of their employment, the corporation is present, acting through its agents. The servant is liable, of course, because of his wrong. The master is liable, because he acts by his servant, and, as was said in Schumpert v. Southern Ry. Co., 65 S. C. 332, 43 S. E. 813, 95 Am. St. Rep. 802;

"Both are liable jointly, because from the relation of master and servant they are united or identified in the same tortious act resulting in the same injury." Cooley on Torts, 142; Wright v. Wilcox, 19 Wend. (N. Y.) 343, 32 Am. Dec. 507; Phelps v. Wait, 30 N. Y. 78; Greenberg v. Whitcomb Lbr. Co., 90 Wis. 225, 63 N. W. 93, 28 L. R. A. 439, 48 Am. St. Rep. 911.

It is true that in the case of A. G. S. R. R. Co. v. Vail, 142 Ala. 140, 38 South. 126, 110 Am. St. Rep. 23, 'the justice writing the opinion, in a dictum used by way of argument in support of the holding in that case said:

"It [Supreme Court] has held that neither a conductor, an engineer, nor a superintendent of work is a vice principal, so as to make the master responsible for his negligence."

But the case there cited (Ga. P. Ry. Co. v. Davis, 92 Ala. 313, 9 South. 255, 25 Am. St. Rep. 47) qualifies that statement by saying that such is the case—

"unless the duty performed by them be such as properly belongs to the master as such, and in which case they take the place of the master, and he is chargeable with their acts as if performed by him personally with all the knowledge in the premises which the law imputes to him."

The action in the Newberry Case, 184 Ala. 567, 64 South. 46, was based on the negligence of a brakeman, whose duties as such did not substitute him for the company. In the City Delivery Company Case, 139 Ala. 161, 34 South. 389, and the Abernathy Case, 197 Ala. 512, 73 South. 103, the defendant was under no contractual duty to the plaintiff requiring the performance by the master. There are other points of difference between those cases and the case at bar, but the foregoing will be sufficient to show that they are in no way conflicting with what we now hold.

We find no error in the record, and the judgment is affirmed.

Affirmed.