THOMAS SMITH, Respondent, v. J. H. BLOOM, E. H. Dummer, the Capital Printing Company, a Corporation, Dakota Printing & Stationery Company, a Corporation, and the Northwestern Press Association, a Corporation, Appellants.

(173 N. W. 171.)

**Mortgages — foreclosure — by action — foreclosure of separate mortgages in same action.**

1. In an action of foreclosure, two different mortgages, not executed by the same parties, may be foreclosed in the same action where they stand as security for the principal indebtedness upon which the action to foreclose is being maintained.

**Mortgages — foreclosure by action — separate mortgages.**

2. In an action upon a promissory note for which a certain anterior mortgage stood as security pursuant to an agreement, and for which a certain subsequent mortgage, together with a note signed by one of the parties to the principal note, likewise stood as additional and collateral security, the foreclosure of both mortgages may be had in the same action.

**Specifications of error on appeal.**

3. In such action, the other specifications of error made by the appellants have been examined and found to be without merit.

Opinion filed May 23, 1919. Rehearing denied June 13, 1919.

Action upon a promissory note and to foreclose certain mortgages.

From a judgment for the plaintiff, in District Court, Burleigh County, *Nuessle,* J., the defendants have appealed.

Affirmed.

*Theodore Koffel,* for appellants.

The demurrer should have been sustained on the ground that several causes of action were improperly united. Sleeper v. Baker, 22 N. D. 386, 39 L.R.A.(N.S.) 864, 134 N. W. 717; Tyner v. Stoopes, 11 Ind. 22, 71 Am. Dec. 341; Re Waddell-Entz Co. 67 Conn. 335; 35 Atl. 257; 10 Ky. L. Rep. 359; 6 Duer, 583; 3 Wyo. 803; First Nat. Bank v. D. S. B. Johnson Land & Mortg. Co. 97 N. W. 748.

That the averments must all be shown upon the face of the complaint without the aid or reference to any exhibits, and if the mortgage should be held insufficient upon demurrer. C. Aultman & Co. v. Siglinger,

50 N. W. 911; Clyde v. Johnson, 4 N. D. 92, 58 N. W. 512; Scott & B. Mercantile Co. v. Nelson County, 14 N. D. 407, 104 N. W. 528; Eby v. Ryan, 35 N. W. 225; Andrews v. Wynn, 54 N. W. 1047.

Defendants' motion that plaintiff's complaint be made more definite and certain as to the amount claimed or the amount in controversy, and the nature and extent of the relief prayed for, should have been granted. McCrary v. Lake City Electric Co. 117 N. W. 964; Batterson v. Chicago & G. T. R. Co. 13 N. W. 508; Logan v. Freeks, 14 N. D. 127, 103 N. W. 426; Weber v. Lewis, 126 N. W. 105.

The defendants' motion that plaintiff be required to set out his various causes of action, if any, separately, should have been granted. Ives v. Williams, 19 N. W. 562; Dumell v. Terstegge, 85 Am. Dec. 466.

Every deposition intended to be read in evidence on the trial must be filed at least one day before the trial. Comp. Laws 1913, § 7905; Walters v. Rock, 18 N. D. 45, 115 N. W. 511; Hunnstel v. State, 86 Ind. 431; Ueland v. Dealy, 11 N. D. 530, 89 N. W. 325.

It is not sufficient for a party to mark a paper an exhibit and offer it without proving its execution and delivery, and also that it is the same paper that is set out in his cause of action. Stoddard v. Lyon, 99 N. W. 1116.

The defendants' motion for judgment of dismissal should be granted because of the state of the record. Ibid.

There is no testimony in the record, that the lien or claim of the Dakota Printing & Stationery Company, if they had any, is inferior to that of the plaintiff, not even by inference, and this omission is fatal. Force v. Peterson Mach. Co. 7 N. D. 220, 116 N. W. 84; Rust-Owen Lumber Co. v. Fitch, 52 N. W. 879.

*W. L. Smith* and *F. E. McCurdy,* for respondent.

Counsel are required to discuss errors assigned or points raised, or they will not be considered. Silt v. Hawkeye Ins. Co. 71 Iowa, 710, 29 N. W. 605; Neimeyer v. Weyerhauser, 95 Iowa, 497, 64 N. W. 416; McCormick Harvesting Mach. Co. v. McCormick, 128 Iowa, 155, 103 N. W. 204.

The defendants are in the position of one taking a conveyance of property subject to a mortgage or other lien. That a grantee in such a conveyance is precluded from questioning its existence is well settled.

Jones, Chat. Mortg. 4th ed. § 494; Dwight v. Scranton Lumber Co. (Mich.) 36 N. W. 752; Jones, Mortg. 3d ed. § 1491; Territory v. O'Hare, 1 N. D. 30, 44 N. W. 1003. See also Jones on Liens, 2d ed. vol. 1, § 89.

A debtor's additional promise to pay cannot, from the very nature of the case, be treated as collateral security for the debt, unless such additional promises are themselves secured by a lien on property or by obligations of third parties. People v. Remington, 54 Hun, 488, 121 N. Y. 675; Third Nat. Bank v. Eastern R. Co. 122 Mass. 240, 124 Mass. 518.

BRONSON, J. This action was instituted in the district court of Burleigh county to recover on promissory notes and to foreclose certain mortgages on linotype machines. From a judgment of foreclosure, the appellants Bloom and Dummer and the Dakota Printing & Stationery Company have appealed and demand a trial *de novo*.

Upon the trial, the appellants offered no evidence, electing to stand upon the record made by the respondent, and upon their motions and objections made.

The material facts, substantially, are as follows:

The Times Publishing Company was indebted to the plaintiff upon certain notes amounting to $3,338.68, secured by mortgages upon its printing plant, including a No. 1 linotype machine involved herein. On July 15, 1913, such company sold its printing plant to the appellants Bloom and Dummer for $4,500.

As a part of the purchase price, Bloom and Dummer made to the plaintiff their promissory notes, aggregating $3,338.68, representing the mortgage indebtedness, with the understanding had with the plaintiff that the mortgages then held by him should stand as security for the payment of such notes and indebtedness. The notes were payable in instalments, *viz.*, $1,632.68 due in sixty days; $700, in one year; $1,000, in two years; interest 7 per cent. At the same time, the plaintiff purchased a note for $167.52 made by Bloom and Dummer, and by them given as a part of such purchase price. Later, on January 15, 1914, the indebtedness, then due and owing by Bloom and Dummer, not having been paid, Mr. Bloom, one of the appellants, gave his note to the plaintiff representing such indebtedness for the sum of $1,833.50

as an extension note, and as additional security for the same made a chattel mortgage upon one No. 5 linotype machine.

Prior to April 13, 1915, said Bloom and Dummer made no payment on such indebtedness excepting $50, which was indorsed on the note given by Bloom alone. On that date Bloom and Dummer sold the property mortgaged. Then it was agreed that upon the payment of $2,500 to the plaintiff he would release all of the personal property, so mortgaged, excepting alone the No. 1 Mergenthaler linotype machine, and mortgage given by Bloom. That, further, such payment should be applied first to the notes other than the $1,632.68 note (which was represented in the extension note given by Bloom for $1,833.50). The payment of $2,500 was made, and upon application to the notes, it paid all of the same excepting the $1,632.68 note, upon which it paid the interest and $212.37 on the principal thereof, leaving a balance of $1,420.41 owing on April 15, 1916. It was also further agreed that if the additional sum of $500 should be paid, the plaintiff would release the mortgage upon said No. 1 linotype machine. No further payments were made. The Dakota Printing & Stationery Company, one of the appellants herein, claims to be the owner of said No. 1 Mergenthaler machine. Accordingly, the plaintiff in the months of May and June, 1916, instituted this action. The appellants interposed a demurrer that several causes of action were improperly united and that the complaint did not state a cause of action. The demurrer was overruled, the complaint amended, and answer interposed by the appellants, and the case proceeded to trial on October 23, 1917. The trial court ordered judgment for the plaintiff in the sum of $1,671.70, interest included, and for the foreclosure of the surviving unsatisfied mortgages mentioned, to satisfy such amount, with expenses and costs of sale. Pursuant thereto judgment was entered on October 31, 1917. The facts as stated are, substantially, the facts as found by the trial court. The appellants, by their specifications, have challenged these findings of fact as unwarranted upon the record. We have examined such record and find such findings of fact justified upon the evidence. In fact, the appellants make no serious contention with regard to the same in their brief submitted, the case having been submitted to this court upon briefs.

The appellants complain that several causes of action have been im-

properly united in the complaint, and that the trial court erred in disregarding their demurrer and motions made in regard thereto. Thus, they assert, the complaint shows a cause of action, if any, against Bloom and Dummer for the foreclosure of one mortgage, and another cause of action, if any, against Bloom alone for the foreclosure of another mortgage. This contention is without merit. The action seeks to recover an indebtedness on the note of the appellants Bloom and Dummer for which two different mortgages stand as security. The separate note and mortgage given by Bloom is not a separate and independent indebtedness. They constitute collateral and additional security to the principal indebtedness. No reason is shown in the pleadings or in the record why the mortgages involved should be separately foreclosed. It was quite proper to foreclose these mortgages securing the same indebtedness in the same action, although not made by the same parties. Jones, Mortg. 7th ed. §§ 1391, 1225b, 1228a; McGowan v. Branch Bank, 7 Ala. 823, 828.

The contentions of the appellants with reference to the error of the trial court in holding the complaint to state a cause of action, in refusing to require the plaintiff to make more definite the complaint, and in refusing to suppress a deposition, and with reference to improper evidence admitted, have been examined in the record and found to be without merit.

The judgment of the trial court, accordingly, is affirmed, with costs to the respondent.