# Southern Ry. Co. *v*. Arnold.

*Damages to Employe.*

(Decided April 22, 1909. Rehearing denied June 30, 1909.—50 South. 293.)

1. *Negligence; Duty to Others.*—Every one owes the general duty to his fellowman not negligently to injure him, so that if one places a car so near a track over which another is rightfully operating other cars so as to injure such other, or the servant of such other, while in the discharge of his duty to his master in the operation of such cars, the person so placing the car is liable for injury proximately caused by his negligence.

2. *Pleading; Facts or Conclusions.*—In a complaint seeking to recover as for negligence, if the facts stated are sufficient to raise a duty it is enough if the averment of negligence is general.

3. *Removal of Causes; Separable Controversy; Allegation of Pleadings.*—Whether or not an action which joins as parties defendant residents and non-residents is separable so as to warrant a removal by the non-resident to the Federal Court, is to be determined by the record in the state court when the petition for removal is filed, and this independent of the allegation in the petition for removal or in the affidavit of the petitioner, unless the petitioner alleges and proves that defendants were wrongfully joined to prevent a removal

[Southern Ry. Co. v. Arnold.]

to the Federal Court, and in determining that question the aver-ments of the complaint are to be taken as confessed.

4. *Same.*—Under the allegations of the complaint in this case, it cannot be said as a matter of law to have been impossible for all of the defendants to have participated in the single act charged in such a manner as to constitute it, even in law the joint act of all, carrying with it a joint and several liability, so as to authorize a removal of the case against the non-resident railroad company from the state to the Federal court.

5. *Pleading; Variance; Failure of Proof.*—Where the action is in tort against two or more defendants jointly, and the proof failed as to any one of them, a verdict may be had against the defendant as to whom the proof is sufficient without thereby causing in law a variance.

6. *Fraud; Proof.*—When fraud is alleged it must be clearly and satisfactorily proven.

7. *Master and Servant; Injury to Third Person; Joinder of Par-ties.*—In an action for damages caused by the negligence of the servant the master may be joined as a party defendant with the servant.

8. *Railroad; Permitting Use of Track by Others; Duty as to Ser-vant of Others.*—If a railroad company gives another railroad com-pany the right to use its tracks, it owes the duty to an employe of the other company rightfully using the track not to place cars so near the track as to injure the employe while on a passing car.

9. *Negligence; Contributory Negligence; Jury Question.*—The evi-dence in this case stated and examined and it is held to be a question for the jury as to whether or not the injured employe was negligent.

10. *Appeal and Error; Assignment of Error; Sufficiency.*—General assignments of error will not be considered, and an assignment ob-jecting to the ruling of the trial court on objections to several ques-tions on cross examination of witness Wallace (which several ques-tions and answers cover about three pages of the record), fall with-in the description of general assignments.

11. *Same; Review; Right to Complain.*—An appellant cannot com-plain on appeal of the rulings on objections to certain questions, where appellee offered to withdraw, while the witness was still in court, the objections to the questions asked, and to allow the wit-ness to answer the question, and appellant declined the offer.

APPEAL from Birmingham City Court.

Heard before Hon. C. W. FERGUSON.

Action by Alonzo K. Arnold and others, against the Southern Railway for damages. From a judgment against the Southern Railway it appeals. Affirmed.

WEATHERLY & STOKELY, for appellant. The court erred in disallowing the petition for removal.—*A. G. S.*

*v. Thompson*, 200 U. S. 206; *C. N. O. & T. P. R. R. Co. v. Bohon*, 200 U. S. 221. The attempt to plead a joint tort appears to have been done in bad faith, but the attempt was not successful since there can be no joint liability for separate and distinct wrongs of the defendants respectively, nor a joint liability for acts not joint in themselves, nor bound together by the tie of a common purpose.—*R. & D. R. R. Co. v. Greenwood*, 99 Ala. 501; *Powell v. Thompson*, 80 Ala. 51; *Larkin v. Eckwurzel*, 42 Ala. 322; *Ensley L. Co. v. Lewis*, 121 Ala. 94. With McDougal struck out as wrongfully joined and the cause being separable as to the two corporations defendant, both in law and in fact, the petition for removal should have been allowed. The demurrer to the complaint should have been sustained as it simply avers as a conclusion of the pleader the joint negligence of the defendants.—*Campbell v. Lunsford*, 83 Ala. 512; *McAuley v. T. C. I. & R. R. Co.*, 93 Ala. 356. Under the pleading and evidence there was a variance, since there was no evidence that the tort of the Southern Railway Company was the tort of the other two defendants.— Authorities supra. In view of the facts in this case the Southern Railway Company owed Arnold no duty except not wantonly or intentionally to injure him.— *Campbell v. Lunsford, supra; McAuley v. T. C. I. & R. R. Co., supra.* On the undisputed evidence it is not sufficient for plaintiff to show that this defendant may have been guilty as charged. The evidence must point the fact that it was.—*Patton v. Railroad Company*, 179 U. S. 658. The plaintiff was guilty of contributory negligence as a matter of law.—*H. A. & B. R. R. Co. v. Fennell*, 111 Ala. 356; *Peters v. The Southern*, 135 Ala. 533. The court should have given the charge instructing the jury that unless they believed from the evidence that all three defendants committed the offense charged, they

[Southern Ry. Co. v. Arnold.]

must find a verdict for the defendant.—Authorities next above, and *Mary Lee, etc., Co. v. Chambliss,* 97 Ala. 180; *B'ham Ry., etc., Co. v. Clay,* 108 Ala. 236; *Davis v. Miller,* 109 Ala. 600; *So. Ry. Co. v. Lollar,* 135 Ala. 379; *Teague et al. v. Bass,* 131 Ala. 422; *B'ham, etc., Co. v. Owens,* 135 Ala. 154; *Hamilton v. Maxwell,* 133 Ala. 233; *So. Ry. Co. v. Hill,* 39 So. 987, citing and relying upon *K. C. M. & B. R. R. v. Weeks,* 135 Ala. 614; 34 So. 16.

BOWMAN, HARSH & BEDDOW, for appellee.  General assignments of error will not be considered.—*Fitts v. Phoenix Auction House,* 45 South. 150.  Construing together the allegations of the complaint and of the petition for removal, the court properly denied the petition. —*C. & O. R. R. Co. v. Dixon,* 45 L. Ed. (U. S. R.) 123; *L. & N. v. Wangerlin,* 33 L. Ed. 475; *Southern Ry. Co. V. Carson,* 48 L. Ed. 907; *Torrence v. Shedd,* 36 L. Ed. 528; 1 Rose Code Fed. Proc. pp. 350 and 354.  The complaint charges a common or joint wrong.—*Sparkman v. Swift,* 81 Ala. 233; See also 28 L. R. A. 439; 60 L. R. A. 949; 55 L. R. A. 603; 179 U. S. 131; 50 L. Ed. 441.  The complaint was sufficient to show a joint tort. —*Russell v. Huntsville,* 137 Ala. 628; *Southern r. Burgess,* 143 Ala. 364; *L. & N. v. Marbury L. Co.,* 125 Ala. 237.  The plaintiff was not guilty of contributory negligence as a matter of law.—*A. G. S. v. Brooks,* 135 Ala. 401; *Southern Ry. Co. v. Guyton,* 122 Ala. 231.

DOWDELL, C. J.—The suit was brought against the appellant, Southern Railway Company, and two others, the Sloss-Sheffield Steel & Iron Company and John McDougal.  A verdict was returned against the former, the Southern Railway Company, and in favor of the two latter.  A judgment was entered on this verdict, and

from this judgment the Southern Railway Company appealed.

The action is in tort, and the complaint contained but one count. The damages claimed are for injuries which the plaintiff received because of the alleged wrong of the defendants. After stating the manner in which the plaintiff was injured, and that it was at a time and place when and where the plaintiff had a right to be and was in the discharge of his duty, it is averred that the injury was the proximate consequence of the negligence of the defendants. The facts stated are sufficiently definite and certain out of which to raise a duty on the part of the defendants not to place, or cause to be placed, the car which injured plaintiff so near the track over which plaintiff in the discharge of his duties had to pass as to injure him. It may be stated to be a sound rule of law that every man owes his fellow man the general duty not to negligently injure him. Certainly, if one negligently places a car so near a track over which cars are being rightfully operated by another as to injure such other person, or his servant, while in the discharge of his duty to his master in operating cars over said track, he should be held responsible for the injury proximately caused by his negligence. So, too, the averment as to the negligence is sufficient. It has been repeatedly ruled by this court that, where the facts stated are sufficient out of which to raise a duty, a very general averment of negligence is enough. The complaint was unobjectionable on demurrer.—L. & N. R. R. Co. v. Marbury Lumber Co., 125 Ala. 237, 28 South. 438, 50 L. R. A. 620. Many other of our cases might be cited to the same effect, but it is unnecessary to do so.

The appellant filed a petition for the removal of the cause to the federal court, alleging its non-resident citizenship, and as grounds of said removal it is alleged in

said petition, first, that the cause of action is separable; and, secondly, that the defendant McDougal was fraudulently joined as a defendant for the purpose of preventing a removal of the case into the federal court. The first ground, that the cause of action is separable, must be determined from the pleading—the complaint—and not by the allegations in the petition. On this question the averments of the complaints are to be taken as confessed. The complaint in terms alleges that the defendants, meaning, of course, all of them, negligently caused the car that injured plaintiff to be or remain where it was. The "causing of the car to be or remain" where it was describes a simple act, and the complaint avers it as the joint act of all. Negligence is likewise charged jointly. How the alleged wrong was concurred in by all of the defendants is of no consequence, if as a fact it was a joint act of all; and this, in substance, the complaint charges. It cannot be affirmed as matter of law on the face of the pleading that it was impossible for all of the defendants to have participated in the single act charged (the causing of the car to be or remain on the track) in a manner to have constituted it in law the joint act of all, and carrying with it a joint and several liability. The case of *Alabama Southern Ry. v. Thompson,* 200 U. S. 206, 26 Sup. Ct. 161, 50 L. Ed. 441, in which the question we here have under consideration is fully discussed, seems to answer the contention of the appellant on the subject and adversely to its contention.

The case of *R. & D. R. R. Co. v. Greenwood,* 99 Ala. 501, 14 South. 495, cited and relied on by counsel for appellant, presents a different state of facts, both on the pleadings and the evidence, from the case at bar. In that case there was a collision on the crossing of the two roads between trains operated by the respective defendants. The complaint showed that the servants of

the respective defendants operating their respective trains acted independently each of the other, and were guilty of separate acts of negligence in bringing on the collision. The two acts were, it is true, in a sense coincident, but were none the less separate and independent of each other, without any suggestion of community; that is to say, without the one concurring or participating in the negligent act of the other. In the case before us but one single act is complained of, viz., causing a car to be or remain too near the track on which the plaintiff had to pass; and, as stated before, the complaint charges joint negligence in producing this condition. Neither of the other cases cited (*Powell v. Thompson,* 80 Ala. 54; *Larkins v. Eckwurzel,* 42 Ala. 322, 94 Am. Dec. 651; *Ensley Lumber Co. v. Lewis,* 121 Ala. 99, 25 South. 729) is opposed in principle to what we have said. The petition for removal was renewed at different stages of the trial; and upon conclusion of the testimony it was again presented to the court on the whole record and the evidence in the case. The only evidence in the case was that introduced by the plaintiff; neither of the defendants offering any.

It is insisted by counsel for appellant that upon a consideration of the entire record, together with the evidence, it is shown that the joining of the defendant McDougal with the other defendants in the case was done with the fraudulent purpose and intent of avoiding the jurisdiction of the federal court. The petition for removal was sworn to, and a counter affidavit was submitted by the plaintiff, denying the allegations of fraud in the petition. In the case of *Louisville & Nashville R. R. v. Wangelin,* 132 U. S. 599, 10 Sup. Ct. 203, 33 L. Ed. 474, it was said: "It is equally well settled that in any case the question whether there is a separable controversy which will warrant a removal is to be determined by

[Southern Ry. Co. v. Arnold.]

the condition of the record in the state court at the time of the filing of the. petition for removal, independently of the allegations in that petition or in the affidavit of the petitioner, unless the petitioner both alleges and proves that the defendants were wrongfully made joint defendants for the purpose of preventing a removal into the court." This statement was quoted approvingly in the case of *Alabama Southern Ry. v. Thompson, supra.*

We have seen that on the face of the pleadings no ground for removal is shown. The next question is: Has the alleged fraud been proven? It is a general rule that fraud, when alleged, must be clearly and satisfactorily proven. There can be no doubt under our own decisions that it is permissible and proper, in an action for damages caused by the negligence of the servant, to join the master as a defendant. This rule is also approved in *Alabama Southern Ry. v. Thompson, supra.* It is shown by the evidence that McDougal was the yardmaster of the defendant Southern Railway Company, having superintendence and control of the yard where the track was, and on which it is alleged that the car was negligently caused to be or remain that injured the plaintiff. The Southern Railway Company owned and operated this track. Under this evidence no reasonable inference is afforded of a fraudulent purpose to prevent a removal in joining the Southern Railway Company and McDougal as defendants. The plaintiff did not know which of the servants of the defendant Southern Railway Company caused the car to be or remain on the track; but that some one of its servants did, we think is manifest from the whole evidence. The fact that the jury returned a verdict in favor of McDougal is insufficient to show a fraudulent purpose in making him a defendant. Taking the whole record, together with the evidence had on the trial, it is our opinion that the mala

fides charged in the petition for a removal of the cause from the state to the federal court are not sustained. The affidavit of the defendant accompanying the petition is fully met by the affidavit of the plaintiff denying the alleged fraud.

There is no merit in the contention of a variance between the allegations and the proof. It is a well-settled rule of law that in actions of tort against two or more defendants jointly, where the proof fails as to any one, a verdict may be rendered against the other or others as to whom the proof is sufficient without thereby in law constituting a variance. Nor is there any merit in the contention that it is not shown that any duty was owing by the Southern Railway Company to the plaintiff. The plaintiff was an employe of the Alabama Great Southern Railroad Company, and the evidence shows that the Alabama Great Southern Railroad Company had the right to use, and was in the rightful use of, the track leading to the Sloss-Sheffield furnace at the time of the injury to the plaintiff, its employe; and the duty was on the Southern Railway Company not to place its cars on the delivery track, as shown by the diagram in the record, so close to the track being used by the Alabama Great Southern Railroad Company as to injure its employes on a passing car.

There was evidence from which the jury might reasonably infer that the car that caused the injury was negligently put where it was by the defendant Southern Railway Company, or its servants; and it was therefore a question properly to be submitted to the jury, and no error was committed in refusing the general charge requested by the defendant.

So, also, we think the question of contributory negligence was one properly left to the determination of the jury. The plaintiff testified that he did not see that the

standing car would strike him on his passing car, where he was in the discharge of a duty in kicking off a brake on the car he was riding, until it was too late to avoid the injury; that he was then in about four inches of it. It is true he had, before he went upon the car he was riding when hurt, seen the P. R. R. car that hurt him standing where it was on the delivery track, and he looked down the track to see if it was clear of the Sloss Company's track; that being the track on which his car was moving. He also looked at the car after getting upon his car; but he does not testify whether he saw that he was likely to be struck by the car in passing. It cannot be affirmed as matter of law on this evidence that he was negligent in not knowing that he would likely be struck by the car in passing. He had a right, under all of the circumstances as shown in evidence, to presume that the Southern Railway Company would perform its duties in placing cars on the delivery track, and not place one so near the Sloss Company's main track as to injure those using that track. We are not, however, to be understood, in what we have just said, that the plaintiff was excused from the exercise of due diligence in avoiding the injury because he had a right to presume that the Southern Railway Company would perform its duty; but this, taken in connection with the evidence, rendered the question of contributory negligence one for the jury.

The sixth assignment of error is too general, and we decline for that reason to consider the questions attempted to be raised by it. It cites to us the rulings of the court on objections to "several questions on cross-examination of witness Wallace, * * * which several question begin on page 33 and end on page 36 of the transcript." Moreover, it appears from the record that there was an offer before the conclusion of the trial, and while

the witness was still in court, to withdraw the objections and allow the witness to answer the questions; but the appellant declined the offer. We think by this conduct the appellant placed itself where it has no right to complain of the rulings on the objections to the questions.

We find no reversible error, and the judgment is affirmed.

Affirmed.

ANDERSON, McCLELLAN, and SAYRE, JJ., concur.