[Southern Railway Co. v. Hanby].

# Southern Railway Co. v. Hanby.

### Damages for Assault and Battery on Passenger.

(Decided April 7, 1910. 52 South. 334.)

1. *Master and Servant; Tort Committed by Servant; Form of Action.*—Where the master did not authorize, aid, abet, or ratify the wrongful act of the servant, his liability for assault and battery committed by the servant while acting within the line and scope of his employment is in case and not in trespass.

2. *Pleading; Separate Cause of Action; Joinder in One Count.*—Distinct and independent causes of action cannot be joined in the same count, and where the action was against the master and a servant for an assault committed by the servant, a count alleging that the servant while acting within the scope of his employment assaulted plaintiff and then proceeds in the same count on the theory of respondeat superior in imputing liability to the master without alleging facts authorizing the inference that the master permitted, authorized, aided, abetted, or ratified the wrongful act, states a

[Southern Railway Co. v. Hanby].

cause of action in trespass against the servant and in case against the master, and is demurrable for misjoinder of action and parties.

3. *Same; Demurrer.*—A demurrer to the complaint on the grounds that i..fails to state facts sufficient to constiute a cause of action against the defendants jointly, and that it affirmatively shows that it is not a joint cause of action sufficiently points out the misjoinder of action and parties.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. O. LANE.

Action by S. M. Hanby against the Southern Railway Company and another for damages for assault and battery alleged to have been committed upon him while a passenger by the other defendant, a servant of the corporation while acting within the scope of his employment. Judgment for plaintiff and defendant appeals. Reversed and remanded.

WEATHERLY & STOKELY, for appellant. Several distinct and independent causes of action in tort cannot be joined in the same count of the complaint.—*H. A. & B. R. R. Co. v. Dusenberry*, 94 Ala. 413; *L. & N. v. Cofer*, 110 Ala. 491; *A. G. S. v. Shahan*, 116 Ala. 302; *L. & N. v. Lancaster*, 121 Ala. 471; *Southern Ry. Co. v. Yancey*, 37 South. 341; *C. of Ga. v. Freeman*, 37 South. 387; *Bessemer C. I. & L. Co. v. Doak*, 44 South. 627. The counts as framed charged case against the master and trespass against the servant.—*Southern B. & T. Co. v. Francis*, 109 Ala. 224; *City D. Co. v. Henry*, 139 Ala. 16. From these authorities and principles it follows that the court erred in overruling demurrers to the complaint.

FRANK S. WHITE & SONS, for appellee. A master and servant may be joined in an action for damages.— *Southern Ry. Co. v. Arnold*, 50 South. 293. The counts state a cause of action and the joining of trespass and case in the same count not being raised by demurrer

[Southern Railway Co. v. Hanby].

cannot be considered. It is not conceded that trespass and case are joined in the same counts.—*Southern Ry. Co. v. Arnold, supra; B. R. L. & P. Co. v. Moure,* 151 Ala. 327; *City D. Co. v. Henry,* 139 Ala. 161; *Sweet v. Bir. R. & E. Co.,* 136 Ala. 166; *Armstrong v. Mont. St. Ry.,* 123 Ala. 244; *Lampkin v. L. & N.,* 106. Ala. 287. The court did not err in giving the affirmative charge for the plaintiff.—*B. R. & E. Co. v. Baird,* 130 Ala. 343, and cases there cited. Counsel discuss the other assignments of error, but it is not deemed necessary to here set them out.

SAYRE, J.—Appellee sued the defendant corporation and its servant jointly to recover damages for an assault and battery suffered. by him, while he was a passenger, at the hands of the servant. In each count of the complaint it is alleged that the defendant Malone, while acting with the scope of his employment by the defendant corporation, did assault and beat the plaintiff. It is entirely clear that these counts state an action of trespass vi et armis against the defendant Malone. Equally clear is it that each of them proceeds on the principle of respondeat superior in. imputing liability to the defendant corporation; nothing being alleged. from which it might be inferred that the master committed, authorized, aided, abetted, or subsequently ratified the wrongful act. It is settled that the master's liability, under such circumstances, is consequential upon the servant's unauthorized act, and that the action against the master is in case.—*Southern B. T. & T. Co. v. Francis,* 109 Ala. 224, 19 South. 1, 31 L. R. A. 193, 55 Am. St. Rep. 930, opinion by Head, J.; *City Deliv-. ery v. Henry,* 139 Ala. 161, 34 South. 389. Prior to the statute trespass and case could not be joined in the same declaration. It being impossible to frame an action against master and servant in the same form for

the intentional and unauthorized trespass of the servant, it may be there are insuperable obstacles in the way of joining counts against master and servant for a wrong of that description notwithstanding the statute. However that may be, distinct and independent causes of action in tort cannot be joined in the same counts.— *L. & N. R. R. Co. v. Cofer,* 110 Ala. 491, 18 South. 110; *H. A. & B. R. R. Co. v. Dusenberry,* 94 Ala. 413, 10 South. 274; *A. G. S. R. R. Co. v. Shahan,* 116 Ala. 302, 22 South. 509. Our recent case of *Southern Ry. Co. v. Arnold,* 162 Ala. 570, 50 South. 293, holds nothing to the contrary. There the action, though in tort against master and servant jointly, was in case against them both, and in consequence involved no misjoinder of actions. It follows that there was a misjoinder of actions and parties in each count of the complaint.

But appellee contends that the demurrer interposed failed to take the point that there was a misjoinder. Answering a complaint each count of which undertook to state a cause of action against two defendants jointly, the language of the demurrer was that each count failed to state facts sufficient to constitute a cause of action against the defendants jointly, and this language was varied so as to say of each count that it "affirmatively shows that it is not a joint cause of action." It seems to us that a ruling to the effect that these assignments of grounds of demurrer fell short of calling the court's attention to the misjoinder here insisted upon would approach hypercriticism. The burden and stress of the demurrer's complaining was that there was a misjoinder of parties. We are of opinion that the demurrer took the point and should have been sustained.

Reversed and remanded.

DOWDELL, C. J., and ANDERSON and MAYFIELD, JJ., concur.