[National Baking & Lunch Co. v. Wilson.]

# National Baking & Lunch Co. *v.* Wilson.

### Assault and Battery.

(Decided May 11, 1916. Rehearing denied December 30, 1916.
73 South. 436.)

1. **Pleading; Misjoinder.**—Where the action was against a corporation and a natural person, an employee of the corporation, an allegation in a count of the complaint that defendants negligently threw a plate which struck plaintiff, was not open to objection as a misjoinder of cause of action or parties, since it could not be said as a matter of law from the face of the count that it was impossible that both defendants so participated in the single act charged as to make it their joint act.

2. **Same.**—A count charging an assault and battery committed by defendant was not open to the objection of misjoinder of causes of action or parties, as the necessary construction of such a count was that defendants were jointly liable, the employee being liable because he assaulted plaintiff, and the corporation being liable because the employee was acting for it.

3. **Same.**—A count charging defendants as for damages, one being a corporation and the other an employee thereof, in that defendant employee, acting within the line and scope of his authority assaulted plaintiff, was demurrable because it alleged the direct liability of the defendant employee, and based the liability of the corporation on the duty owed to the public to employ only such persons as would perform their services in a loyal way, and not directly on the employee's tortious act.

4. **Appeal and Error; Harmless Error; Plea.**—Where every count stated plaintiff's cause of action differently from the other count, error in not sustaining demurrer to one of the counts could not be cured by referring the verdict for plaintiff exclusively to some count other than the erroneous count.

5. **Same; Assignment; Joint.**—Where one count of the complaint against two defendants was fatally defective for a misjoinder, the judgment for plaintiff could not be sustained on the theory that while the assignment of errors were joint, error affected only one defendant, as the defendants were entitled to complain jointly or separately of the count, and to have the judgment treated as an entirety.

(Gardner and Thomas, JJ., dissent.)

APPEAL from Birmingham City Court.

Heard before Hon. JOHN H. MILLER.

Action by Will Wilson against the National Baking & Lunch Company and Herman Fisch, for damages for injuries received. Judgment for plaintiff, and defendants appeal. Transferred from the Court of Appeals under section 6, Acts 1911, p. 449. Reversed and remanded.

The first count alleges that defendant National Baking & Lunch Company operates a restaurant, and that while plaintiff was in said restaurant or rest room by its invitation, and as a patron, Herman Fisch, negligently threw a plate which struck plaintiff in the face, and as a proximate consequence thereof plaintiff was injured. Count 2 alleges that said National Baking & Lunch Company invited plaintiff as a customer in its said place, and said National Baking & Lunch Company's restaurant was under the management or control on said date of defendant Herman Fisch, who was president, manager, or director of said corporation, and that on said day, defendants, well knowing that same would likely and probably strike plaintiff or some other patron in said lunchroom or restaurant, wantonly threw a plate or dish at one of the patrons in said restaurant, and as a proximate result thereof plaintiff was struck by a plate. Count 3 claims for assault and battery committed by defendants on plaintiff. Count 4 alleges that defendant National Baking & Lunch Company's agent, Herman Fisch, acting within the line and scope of his authority as such, assaulted and beat plaintiff, etc.

HALEY & HALEY, for appellant. BEDDOW & OBERDORFER, for appellee.

SAYRE, J.— (1) This action was brought against two defendants, one a natural person, the other a corporation. It is reasonable to assume that the pleader intended to charge defendants as joint tort-feasors, but, considering the peculiar nature of the wrong charged, the unusually meager and uncommunicative phraseology of the first count must be noted. As amended, this count, when it came to a statement of the gist of plaintiff's action, alleged that "the defendants negligently threw a plate which struck the plaintiff." A corporation may be liable for the damage done by a plate negligently thrown, but it cannot throw a plate unless the act be done by authority of a resolution of its governing board or by some alter ego or vice principal. Such a corporate act as that charged is not impossible, however, and, taking the count at its face value, it purports to charge that the defendant corporation and the natural defendant, acting in concert, threw the plate that damaged plaintiff. But no other association between the defendants is alleged. It is well enough, in suits against a corporation alone, after showing duty, to aver

merely that it negligently did the wrong complained of. Negligence being charged, the action is in case by whatever character of agency the negligent act was done, and it is immaterial to the defendant whether its sole responsibility be determined on the ground that it was in law a surety for the conduct of its servants, or on some other ground. But if plaintiff intended to proceed against the defendants as for a joint liability on the ground that Fisch was the active agent in the premises and represented the defendant corporation in some capacity, then, for reasons to be stated hereafter, it was a matter of some concern to the defendants to be informed and have the record show what plaintiff intended to charge the connection between them to be. In that case the relation between the defendants, the manner of the defendant corporation's participation in the tortious act, should not have been left to inference; it should have been made plain. However, it cannot be affirmed as matter of law on the face of the count that it was impossible that both defendants participated in the single act charged in a manner to constitute it in law the joint act of agencies otherwise unassociated. Reading the count as we have indicated, it was not open to objection for misjoinder of causes or parties.

(2) Nor was there any misjoinder in the third count which charged a trespass vi et armis, to-wit, "an assault and battery committed by the defendants." Much the same considerations as those noted above apply to this count. We think the necessary construction of this count is that the defendants were jointly liable; Fisch because he did assault and beat plaintiff, the defendant corporation because Fisch was at the time acting as its alter ego or vice principal. Each count must be construed by itself, but it is not without interest in this connection, as showing the probable nature of the transaction, to note that in count 2, as amended, it was alleged that Fisch was president, manager, or director of the defendant corporation.

(3) But count 4 of the complaint cannot be sustained against the demurrer without forcibly breaking away from substantial considerations upon which this court has heretofore placed its rulings that the master and his mere servant, or principal and agent as the count states the case, cannot be joined in the same count, based upon the unauthorized trespass of the servant, committed in the performance of a lawful duty commanded by the master. This count claimed damages of the defendants for that,

[National Baking & Lunch Co. v. Wilson.]

"the defendant, National Baking & Lunch Company's agent, Herman Fisch, acting within the line and scope of his authority as such, assaulted and beat the plaintiff." As against the defendant Fisch, the count states an action of trespass; as against the defendant corporation, it proceeded, manifestly, on the principle of respondeat superior. The liability of Fisch under this count is direct; the liability of the defendant corporation is based, as was pointed out by Judge Head in *Southern Bell Telephone v. Francis,* 109 Ala. 224, 242, 19 South. 1, 7. (31 L. R. A. 193, 55 Am. St. Rep. 930), not directly upon the tortious act of its servant, but upon the duty it owed the public to have in its employment only servants who would perform their services in a lawful and proper way. This difference in the nature of the two liabilities inheres in the facts, and its existence as a fact is beyond dispute. In the case just referred to it was said, arguendo, that: "Where the liability of the master arises from an unauthorized trespass of the servant, committed in the performance of a lawful duty commanded by the master, a joint action against the master and servant will not lie, for the reason that the action against the master is case, while that against the servant is trespass; and for the further reason that, the wrong proceeding directly from the servant, and not directly from the master, the latter, if compelled to pay the damages, would have an action over against the former; but he would not, at common law, be entitled to such an action where the judgment went against both as joint tortfeasors."

The statute (Code, § 5329), enacted since the date of that decision, now provides that "all actions ex delicto may be joined in the same suit." It is not to be presumed that the Legislature intended to extinguish the sound and just principle of the "further reason" mentioned by Judge Head; but its proper application to the case of a judgment upon a complaint which is so framed as to show conclusively—that, however, is not this case—that the master's liability is rested upon his suretyship, for the good behavior of his servant is not entirely satisfactory. The reason first stated is, however, in all cases, convincing, and will be unassailable so long as the system of pleading that has come down to us remains without radical change. And, as bearing upon the authority of that case in the present situation, it may be noted that under the statute of that time (Code of 1896, § 3293) counts in trespass and trespass on the case relating to the

same subject-matter might be joined.  The law in respect to the joinder of such counts has not been changed by the latest amendment of the section, the language of which permits the joinder, not in the same count, but, broadly, in the same suit.  Appellee cites some cases from other jurisdictions in which forms of action have been abolished by legislative enactment.  The great volume of discussion that has accumulated about this question, even in that condition of the law, would indicate that the courts have found considerable difficulty in the joinder as against different defendants of those causes of action which have with us been known as trespass and trespass on the case in the formless complaints which are in use in those jurisdictions.  In our system of pleading forms are but vehicles for legal principles.  They differ only because the substance of the rights they cover are different.  They remain with us—and that virtually by legislative command—that is, the Legislature, dealing with an established system, has provided for the joinder of actions, but has not abolished forms of action, has not prescribed the formless action.  Section 5329 of the Code has introduced a change in some respects; but when several defendants are sued jointly, it means, as we do not doubt, that all defendants must be liable to answer in the same form; that is, for the same cause of action, in each count of the complaint.  To this meaning of the section we give full effect in holding, as we do against the demurrer to the complaint as a whole, that there was no misjoinder of counts.  Otherwise a logical and necessary extension of the rule for which appellee contends would lead to the result that the averments of all the counts in this complaint, and of all counts in any complaint, arising out of the same transaction or relating to the same subject-matter, ex delicto, ex contractu, trespass, trover, case, common assumpsit, debt, or what not, might be jumbled in one count, or, as the only alternative, that any number of defendants might be separately sued on separate and distinct causes of action in different counts of the same complaint, and this last is what appellants apprehend, not without some color of reason, the plaintiff in this case intended to do.  To sustain this count, in order to meet the exigency of this case and to supply the supposedly needful remedy to a situation which is of no very great general practical importance, it would not suffice to overrule a few sporadic cases; it would be necessary to overrule schools of cases; to introduce the formless complaint; in short, to subvert

our entire system of pleading. Our system has required that the declaration or complaint must proceed upon a definite theory, and must be good upon that theory, or it will be deemed insufficient. Counts are used to state plaintiff's different causes of actions where they may be joined. The theory of separate counts is that each states a complete cause of action, as distinct from the others as if it stood alone in the pleading, except that, to avoid the repetition of common facts, one may refer to the other.—*Bryant v. Southern Railway*, 137 Ala. 488, 34 South. 562. Each count must proceed upon a single, definite theory; must state a single, consistent cause of action. These theories are not without practical value as leading to certainty and clearness of issues.—*H. A. & B. R. R. v. Dusenberry*, 94 Ala. 413, 10 South. 274. Appellee's contention, if allowed, would lead, in the long run of cases, to inextricable confusion or to the formless action. We have no desire for the former; we cannot, to meet the exigency of a pending cause, adopt the latter. When this court shall exercise its authority to change its rules of practice and procedure under the act of 1915 (Acts, p. 815), the change, in justice to all litigants, will be given a purely prospective effect.

In keeping with the foregoing views, we have held, in cases where the point was directly raised, that trespass and case cannot be joined in the same count.—*Southern Railway v. Hanby*, 166 Ala. 641, 52 South. 334; *Interstate Lumber Co. v. Duke*, 183 Ala. 484, 62 South. 845; *Southern Railway v. McIntyre*, 152 Ala. 223, 44 South. 624, and the cases cited. The demurrer to count 4 should have been sustained. Count 2 was subject to the same ground of demurrer, but that count was substituted by an amended count, on which, it appears from the record, defendants took issue without objection.

(4) We are unable to construe the record as showing that issue was joined only upon the second count as amended. The only fair construction of the judgment entry is that the case was submitted to the jury on each of the four counts contained in the amended complaint, and this conclusion is borne out by other parts of the record. This appeal is taken upon the record proper, and we do not know what the evidence may have been; but charges moved for by the parties are now made a part of the record, without a bill of exceptions (rule 36, 175 Ala. xxii; Acts 1915, p. 815), and the charges here very clearly corroborate our construction of the judgment entry. Nor can the ver-

[Wise, et al. v. Sparks.]

dict be intelligently and safely referred to any count of the complaint other than the fourth, for each count, as the pleader evidently intended, stated plaintiff's right differently from all the rest.

(5) Nor can the judgment be sustained on the ground that, while the assignment of errors is joint, the error shown affected only one of the defendants. The defendants were entitled to complain jointly or separately of the count in which they were improperly joined, and, besides, the general rule is that joint judgments are to be treated as entireties on appeal, and a reversal on the appeal of one defendant will require a reversal as to both.—*North Ala. Traction Co. v. Hays*, 184 Ala. 592, 64 South. 39. After due consideration, we have been unable to find any safe ground upon which to place a conclusion that the error appearing of record did not prejudicially affect both defendants.

Reversed and remanded. All Justices concur, except GARDNER and THOMAS, JJ., who dissent.