(78 South. 878)

## GULF STATES STEEL CO. et al. v. FAIL et al. (7 Div. 890.)

(Supreme Court of Alabama. April 11, 1918. Rehearing Denied May 9, 1918.)

1. ACTION ☞42—JOINDER OF CAUSES OF ACTION—"SEPARATE AND DISTINCT CAUSES OF ACTION."

In action for servant's death, a cause of action against the master, founded on the Employers' Liability Act (Code 1907, § 3910), under which the damages recoverable are compensatory, and a cause of action against the alleged negligent superintendent, founded on Code 1907, § 2486, under which the damages recoverable are punitive, cannot be joined in the same count; such causes of action being "separate and distinct causes of action."

2. PLEADING ☞209 — MISJOINDER — OBJECTIONS.

Where the complaint attempts to state a cause of action against two defendants jointly, the question of misjoinder is sufficiently presented by an assignment of demurrer that it does not appear from the complaint that defendants are jointly liable.

Appeal from Circuit Court, Etowah County; J. E. Blackwood, Judge.

Suit by Mattie Fail, as administratrix, and another, against the Gulf States Steel Company and another. From judgment for plaintiffs, defendants appeal. Reversed and remanded.

Suit by Mattie Fail, as administratrix, and A. J. Wheeler, as administrator of the estate of L. F. Fail, deceased, against the Gulf States Steel Company, a body corporate, and A. M. McEntyre, to recover damages for the death of plaintiffs' intestate, an employé of defendant Gulf States Steel Company, alleged to have been the result of the negligence of defendant McEntyre, who had been intrusted with superintendence, while in the exercise of his duties in the employ of said Gulf States Steel Company. There was but a single count in the complaint, which reads as follows:

"Plaintiffs, Mattie Fail, as administratrix of the estate of L. F. Fail, deceased, and A. J. Wheeler, as administrator of the estate of L. F. Fail, deceased, claim of the defendants, Gulf States Steel Company, a body corporate, and A. M. McEntyre, $50,000 damages, for that on, to wit, October 10, 1916, plaintiffs' intestate, while in the employment of the defendant said Gulf States Steel Company, and while engaged in the active performance of the duties of said employment, was killed in the county of Etowah, state of Alabama, as follows: A concrete structure fell upon intestate and killed him. Plaintiffs aver the death of their intestate was proximately caused by the negligence of the defendant McEntyre, a person in the service or employment of the defendant, Gulf States Steel Company, who had superintendence intrusted to him, whilst in the exercise of such superintendence, which negligence consisted in this, said McEntyre negligently caused said concrete structure to fall upon the intestate of the plaintiffs."

The cause was tried upon the general issue, and special pleas of contributory negligence. Demurrers were interposed to the complaint by the defendants separately and severally, which were overruled. From a judgment for the plaintiffs, the defendants prosecute this appeal, and assign errors separately and severally.

O. R. Hood, of Gadsden, for appellants. W. A. Denson, of Birmingham, for appellees.

GARDNER, J. [1] The question of prime importance on this appeal is whether or not, under the system of pleading in force in this state, the plaintiffs in this case may maintain in a single count of the complaint a cause of action against the employer and the alleged negligent employé jointly. It is to be noted that the suit is based upon subdivision 2 of the Employers' Liability Act, and the alleged negligent superintendent is joined as a party defendant in the cause. The Employers' Liability Act was, of course, enacted for the benefit of the employé, so as to remove common-law obstacles as to his right of action against the master, and has no reference, of course, to a suit by one employé against another.

It has been uniformly held by this court that the damages recoverable under the provisions of this act are compensatory solely. For a right of action against the negligent fellow servant or employé, the plaintiff is remitted to section 2486 of the Code of 1907, and under the uniform ruling of this court in reference to said section the damages recoverable are punitive, the amount thereof resting within the sound discretion of the jury. Dowling, Adm'r, v. Garner, 195 Ala. 493, 70 South. 150. Such an action did not exist at common law, and is of statutory origin.

The complaint, therefore, discloses that as against the master the suit is founded upon the Employers' Liability Act, where the damages recoverable are compensatory only, and as against the negligent superintendent, joined as a party defendant in the same count, the action is founded upon the above quoted section 2486, known as the Homicide Act, under which the damages recoverable are punitive. The two causes of action, therefore, rest upon separate and distinct statutory provisions under which the measure of damages are entirely different, and they are therefore separate and distinct causes of action within the meaning of our decisions discussing the question of joinder of actions.

The question of joinder of such actions in tort has given rise to much discussion and division of opinion, as disclosed by a consideration of the case of L. & N. R. R. Co. v. Abernathy, 73 South. 105.[1] There is no occasion for a reopening of the discussion of this question. In L. & N. R. R. Co. v. Abernathy, supra, and National Baking & Lunch Co. v. Wilson, 73 South. 436,[2] the holding of this court was to the effect that the master and

servant could not be joined as parties defendant in the same count, where the complaint disclosed that the cause of action against the master was in case and that against the servant was in trespass, upon the theory that two causes of action could not be thus joined in the same count. These decisions rested upon the previous holding of this court in Southern Ry. Co. v. Hanby, 166 Ala. 641, 52 South. 334, and the authorities there cited.

In the Hanby Case it was explained that in Southern Ry. Co. v. Arnold, 162 Ala. 570, 50 South. 293, where the action was in tort against the master and servant jointly, the cause of action was in case against them both, and therefore involved no question of misjoinder of action. See, also, Central of Georgia Ry. Co. v. Carlock, 196 Ala. 659, 72 South. 261. In L. & N. R. R. Co. v. Abernathy and National Baking & Lunch Co. v. Wilson, it is to be noted that the counts therein question were condemned because of misjoinder of cause of action against the master and servant, although the measure of damages was the same against each.

In the instant case, as previously stated, the causes of action are separate and distinct; not only is this so, but also the measure of damages is entirely different, being compensatory as to the master and punitive as to the servant. While the direct question here involved does not seem to have been heretofore presented to this court, yet it must logically result from the decisions in L. & N. R. R. Co. v. Abernathy, supra, and National Baking & Lunch Company, supra, that the cause of action here declared on in the same count cannot be jointly maintained against the master and servant, and that by analogy the above decisions are decisive of the question here presented.

We are therefore of the opinion that the demurrer to the complaint should have been sustained, and for the error in overruling the demurrer the cause must be reversed.

[2] It is insisted, however, that the demurrer interposed failed to sufficiently take the point here under consideration as for a misjoinder. The complaint attempted to state a cause of action against two defendants jointly, and one of the assignments of demurrer is that it does not appear therefrom that the two defendants are jointly liable for the death of intestate. We are of the opinion the demurrer sufficiently presents the point, and that what was said in Southern Ry. Co. v. Hanby, supra, upon this question is here applicable.

For the error indicated, the judgment is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.