52 So.2d 154

### JOHNSON et al. v. McNEAR.

#### 8 Div. 539.

Supreme Court of Alabama.

April 19, 1951.

Scruggs & Scruggs, of Guntersville, for appellee.

Marion F. Lusk, of Guntersville, for appellants.

BROWN, Justice.

The plaintiff, appellee here, had a verdict and judgment for $4,000 for personal injuries suffered in a collision between a trailer truck and a passenger automobile in which she was traveling on a highway in Marshall County on October 22, 1945. At the time of the collision the truck was proceeding northwardly down the western slope of Sand Mountain leading from Albertville towards Guntersville, Alabama. The passenger vehicle, a four passenger Chevrolet owned by E. T. Martin, was being driven by plaintiff's father L. W. McNear in a southerly direction towards Albertville. At the point on the highway where the collision occurred there is a considerable grade and sharp curves and

the collision occurred in a short straight-away between two curves about noon. The driver of the Chevrolet and the plaintiff, age 17, were on the front seat and Martin and a sister of the plaintiff were occupying the rear seat. The highway at the point of collision was covered and surfaced by an 18 foot wide asphalt pavement and there was at the time a drizzling rain.

The truck belonged to the defendant Johnson and was being driven by A. M. Huskey, an employee of Johnson. At the point of the collision there is a deep mountain gorge with a precipiced slope immediately west of the highway protected by cable on concrete posts and to the east a sharp bluff-like rise of the mountain.

According to phases of the evidence offered by the defendant, immediately before the collision the truck had traversed a curve to the north and was straightening up when the Chevrolet coming easterly up the mountain turned a sharp curve to the south about 200 feet ahead of the truck, the east side of the Chevrolet going over the median line of the highway. The driver of the passenger vehicle swerved to his right avoiding contact with the cab of the truck but collided with the trailer of the truck and ran into the left rear dual wheels of the truck, knocking them loose and pushing them to the rear. Some phases of the evidence tended to show that the truck was traveling 25 or 30 miles per hour and that the passenger vehicle coming up the mountain was moving from 15 to 20 miles per hour.

Evidence by the plaintiff, on the other hand, tended to show that as the passenger vehicle rounded a sharp curve and McNear discovered the truck with a 30 foot trailer approaching, he pulled his car to the right against the cable and stopped, and as the trailer approached it, the truck whipped across the median line and collided with the front end of the parked car inflicting the injuries to plaintiff catalogued in her complaint. As stated in appellee's brief, "There is almost no shoulder to the highway on either side of the pavement. The curve nearest the top of the mountain curves to the right around the rock bank and is so sharp that a person with normal unobstructed vision coming down the mountain can only see about 30 feet to his front around this sharp curve. Only a short distance exists between the first and second curves from the crest of the mountain. The defendant Huskey testified that he had been up and down the mountain many times and was familiar with the curve, road and the condition of the road at the time of the accident."

The complaint consists of two counts, the first count ascribing plaintiff's hurt to simple negligence, the complaint averring: "The defendants, their servant or agent, while acting in the line and scope of his authority as such servant or agent, negligently caused a motor driven truck to run over, upon or against an automobile in which the Plaintiff was riding as a passenger upon a public highway in Marshall County, Alabama, and as a proximate result of said negligence, Plaintiff's legs, arms, body and face were cut, bruised, mashed and injured, several of her teeth were broken and at least two of her teeth were knocked out or broken to such an extent they had to be removed, her lip and face were cut, resulting in a permanent injury to the Plaintiff and she will be disfigured for life and that she suffered great mental pain and anguish, all to her damages as aforesaid, hence this suit."

The second count charges that, "The Defendants, their servant or agent, while acting in the line and scope of his authority as such servant or agent, *willfully and wantonly* injured the Plaintiff by causing a motor driven truck to run over, upon or against an automobile in which the plaintiff was a passenger and as a proximate result thereof, the Plaintiff * * *" was injured as catalogued in the first count. [Italics supplied.]

The evidence is without dispute that the defendant Johnson was the owner of the truck and that the defendant Huskey was Johnson's employee and was acting within the line and scope of his employment. There was no evidence that Johnson was present participating in the damnifying act alleged in the second count. The sufficiency of said count was not tested by demurrer nor is any question presented on

this appeal as to its sufficiency. However, it is clear from the facts stated above, as to which the evidence is without dispute, that Johnson's liability rests upon the doctrine of *respondeat superior* and not because of his participation in the damnifying acts as alleged in said count. The defendant Huskey, if liable, is liable because of his participation in the act of wrongfully causing the collision between the truck and the Chevrolet automobile. Trespass as to one and case as to the other. City Delivery Co. v. Henry, 139 Ala. 161, 34 So. 389; Louisville & N. R. Co. v. Abernathy, 197 Ala. 512, 73 So. 103; National Baking & Lunch Co. v. Wilson, 198 Ala. 90, 73 So. 436; Gulf States Steel Co. v. Fail, 201 Ala. 524, 78 So. 878.

 There is an absence of evidence showing or tending to show the frequency of the use of said highway at the point of collision and at the hour of the day in which it occurred,—facts essential to sustain a charge of wilful and wanton injury. Louisville & N. R. Co. v. Heidtmueller, 206 Ala. 29, 89 So. 191. Before one can be convicted of wilful and wanton wrong "the facts must show that he was conscious of his conduct and conscious from his knowledge of existing conditions that injury would likely or probably result from his conduct, that with reckless indifference to consequences, he consciously and intentionally did some wrongful act or omitted some known duty which (proximately) produced the injury." 5 Mayf. Dig. p. 711, § 6, Wanton or Wilful; Peters v. Southern Ry. Co., 135 Ala. 533, 537, 33 So. 332.

After due consideration of the evidence on the record, we are of opinion that it did not warrant a verdict for the plaintiff under count two of the complaint. The court, therefore, committed reversible error in refusing defendant's written charge A.

We are further of opinion that the court erred in giving plaintiff's charges 7, 8, 9, 10, 12 and 13.

Plaintiff's given charge 7 pretermits that the defendant's stated negligence must proximately cause the injury.

The hypothesis of charge 8 given for the plaintiff was at most subsequent, simple negligence, not wantonness.

Charge 9 assumes that the defendant or his servant or agent failed "to use the means within his power to avoid the injury" and that defendant or his servant "became aware of plaintiff's peril in time to avoid it by using the means at hand to do so."

Charge 10 given for the plaintiff left to the jury as to what constituted a violation of the criminal law and should have been refused.

Charges 12 and 13, which undertake to define actionable negligence, pretermit that negligence to be actionable must proximately cause the injury complained of. Western Ry. of Alabama v. Mutch, 97 Ala. 194, 11 So. 894, 21 L.R.A. 316, 38 Am.St. Rep. 179; Decatur Car Wheel & Mfg. Co. v. Mehaffey, 128 Ala. 242, 29 So. 646.

The several rulings on questions of evidence may not arise on another trial and will not be treated, but pertinent to these questions see Louisville & N. R. R. Co. v. Manning, 50 So.2d 153;[1] Williams v. Roche Undertaking Co., ante, p. 56, 49 So.2d 902.

For the errors pointed out the judgment of the circuit court is reversed and the cause is remanded.

Reversed and remanded.

LIVINGSTON, C. J., and FOSTER and SIMPSON, JJ., concur.